[S. F. No. 13692. In Bank.—July 24, 1930.]

B. M. JACKSON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[S. F. No. 13774. In Bank.—July 24, 1930.]

B. M. JACKSON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

60

William Sea, Jr., for Petitioner.

Everett W. Mattoon, Fred M. Cross and S. V. O. Pritchard for Respondent.

RICHARDS, J.—In these two proceedings the petitioner has sought to have reviewed a portion of a certain order made and entered by the Superior Court in and for the County of Los Angeles, sitting as a probate court, wherein and in the Matter of the Estate of Wein, pending therein, it undertook to order the petitioner herein to return to the executors of said estate the sum of $450, which the petitioner had theretofore received as a portion of an attorney's fee paid to him by said executors in the course of their administration of said estate. The petitioner having failed and refused to comply with said order the court, upon a showing made to that effect by said executors, issued an order requiring the petitioner to show cause why he should not be adjudged guilty of contempt for his failure and refusal to comply with said order. Upon a hearing upon this latter order the court adjudged the petitioner guilty of contempt and ordered that he be committed to the sheriff of the county of Los Angeles, state of California, to be by him confined and retained in the county jail of said county until he should have paid to the executors of the

last will and testament of John H. Wein, deceased, the sum of $450 referred to in the former order of the court. The petitioner herein applied for a writ of review upon the making of the first order above referred to and also applied for a writ of review upon the making of the latter order adjudging him guilty of contempt. These two petitions came on for hearing together and, since they each involve the same facts and the same questions of law, are to be considered together.

The facts which, in all essential respects, are undisputed may be briefly stated as follows: On and prior to the twenty-second day of April, 1929, there was pending in the Superior Court in and for the County of Los Angeles a certain probate proceeding entitled: "In the Matter of the Estate of John H. Wein, deceased." During the course of administration of said estate Julius H. Wein, one of the executors therein, employed B. M. Jackson, the petitioner herein, to perform certain services in the interest of said estate, which chiefly consisted in his making certain trips to Butte, Montana, and Portland, Oregon, with a view to averting certain threatened contests; and also consisted in the rendition of certain other legal services such as an executor would require in the course of administration of an estate. On account of his expenses incurred during said trips the petitioner was paid by the executor the sum of $850, and was further paid the sum of $1200 on account of the legal services rendered by him to such executor. Discord having arisen between the executor and his counsel, the petitioner herein, the former, with his coexecutor, filed in said court an application for an order substituting "Cyril M. Goldstein in the place of B. M. Jackson, as attorney for Julius H. Wein, one of said executors, and to have determined the total compensation of said B. M. Jackson for services in the matter of said estate, and to have the court make an order requiring B. M. Jackson to return and pay to said executors any excess in moneys received by him over and above the fees and expenses to which he is entitled." The court made its order in conformity with said application, and upon the return day thereof heard and considered the matters presented by the respective parties in the form of oral and documentary evidence, and thereafter made its finding thereon to the effect "that the said B. M. Jackson

has improperly and without order of court received from and caused to be withdrawn from said estate for his own personal use and benefit the total sum of $2,050, and that he has thus been overpaid to the extent of $450, and should refund such sum of $450 to the executor.'' Based upon the foregoing finding the court proceeded to make and enter an order that the said B. M. Jackson forthwith pay to the executors the said sum of $450. The court further ordered that said Cyril M. Goldstein should be substituted in the place of B. M. Jackson, as attorney for said Julius H. Wein, one of the executors in the matter of said estate, and that said B. M. Jackson should turn over to said substituted attorney ''all books, papers, memoranda and things belonging to said estate and now in his possession.'' The petitioner having refused to comply with said order and having been adjudged guilty of contempt therefor, he made application herein for his first writ of review, wherein he sought to have reviewed and annulled the order of the court adjudging him guilty of contempt. A short while thereafter he filed herein his second petition for a writ of review, wherein he sought to have reviewed and annulled the order of the court requiring the return of said money to the executors, and upon which order and the disobedience thereof the aforesaid contempt proceedings were predicated.

The primary question of law thus presented is as to whether or not the Superior Court, sitting in probate in the Matter of the Estate of John H. Wein, Deceased, exceeded its authority in making and in seeking by contempt proceedings to enforce an order requiring the petitioner to return and refund a portion of the money which he had theretofore received as and for attorney's fees in the course of his professional services as attorney for one of the executors of said estate.

The record discloses that neither prior to the employment of the petitioner by said executor, nor after his employment and during the course of his professional services rendered by virtue of such employment, was any order of court made directing or sanctioning the employment of the petitioner as the attorney for said executor, or directing or sanctioning the payment of any sum of money by said executor out of the funds of the estate. In this state of the record the case comes directly within the ruling of this

court in the case of *Tomsky* v. *Superior Court,* 131 Cal. 620 [63 Pac. 1020], wherein it was held that the relation between an attorney and the executors of an estate was that of a personal and contractual nature, which the parties had a right to enter into, and with which, in the absence of a prior order of court sanctioning such relation, and either ordering or fixing the amount of the retainer and fees to be paid for such services out of the funds of said estate, the court and the estate had no concern, at least until such time as the executrix presented her account showing her receipts and expenditures in the matter of the administration of said estate, including her outlays for counsel fees; whereupon the court would make an allowance for such reasonable attorney's fees as had been expended or incurred in the course of her administration of said estate. If the court in making such allowance should find that the executrix had paid out more than the reasonable value of such services, it would and should refuse to allow her to reimburse herself out of the funds of the estate, but that beyond the making of such order the court had no jurisdiction to go in the direction or to the extent of requiring the attorney for the executrix in such a situation to return to the executrix, or to repay into the funds of the estate any money which he might have received from the executrix in excess of what the court should find to have been the reasonable value of the services which the attorney for the executrix had thus performed. If the attorney had failed to comply with his contract of employment, or had received in the course thereof a larger sum of money than was rightfully his due, the executrix would have her remedy against him in an ordinary action, but would have no right to seek the aid of the probate court in an effort to compel him to return to the executrix or to the estate any sums of money which it might appear he had been overpaid. It will thus be seen that the ruling of this court in the Tomsky case had direct application to the case at bar, and that in accordance with our holding therein it must be concluded that the Superior Court, sitting in probate in the Matter of the Estate of Wein, had no jurisdiction to require the petitioner herein to return to the executor or executors of said estate any sums of money which they or either of them might insist had been overpaid him in the course of his employment by

one of the executors of the estate, in the absence of any prior order of said court sanctioning such employment, or providing for the devotion of the funds of the estate to the payment of counsel fees incurred by one of the executors thereof. The cases cited by the respondent herein are not in point, nor do we find that any changes which have been made in the law relating to the probate of estates and employment by executors of attorneys at law to represent them in the course of administration of estates have had any effect in the way of changing the rule laid down by this court, and since adhered to, in the Tomsky case.

It follows necessarily that if the probate court had no jurisdiction to require the petitioner to return to the executor or to the funds of the estate the sum of money which it was charged he had been overpaid, it was clearly without jurisdiction to make or enforce its further order adjudging the petitioner to be guilty of contempt for his failure or refusal to comply with the terms of its former unauthorized order.

It is the contention of the respondent, however, that the petitioner had under section 963, subdivision 3, of the Code of Civil Procedure, and sections 1616, 1618 and 1619 of said code a right of appeal from that portion of the order requiring him to return to the executor or to the funds of the estate the sum of money referred to in said order. We find no merit in this contention, since by the terms of said sections of the Code of Civil Procedure no specific right of appeal was provided for, or within the reasonable intendment of the foregoing sections of the code, and in so far as contempt proceedings are concerned the right of appeal is expressly taken away. (Code Civ. Proc., sec. 1222.)

It follows from the foregoing that the action of the trial court with respect to each and both of its aforesaid orders should be annulled, and it is so ordered.

Waste, C. J., Seawell, J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.