In the Matter of the Estate of JOSEPH LEBLANG, Deceased.

In the Matter of the Petition of PHILLIP M. PERCUS, Petitioner, against RUDOLPH LEBLANG and Others, Legatees, and TILLIE LEBLANG (JASIE), as Executrix, etc., of JOSEPH LEBLANG, Deceased, Respondents.

Surrogate's Court, New York County, April 22, 1936.

*Louis S. Ferst* [*Arthur L. Gould* of counsel], for the petitioner.

*Louis Winer*, for Minnie Keith and Jennie Katzen, legatees, respondents.

*Murray Sprung*, for Rudolph Leblang and Helen Greenspun, legatees, respondents.

*Jasie & Jasie*, for the executrix, Tillie Leblang (Jasie).

DELEHANTY, S. The certified public accountant retained by an attorney for certain legatees seeks in this proceeding a fixation of his fees as accountant and a decree directing payment thereof from moneys due the legatees from the estate. The application is based on the terms of section 40 of the Surrogate's Court Act which in substance gives to this court power to try and determine all questions, legal and equitable, necessary to a complete disposition of matters arising in decedents' estates. Concededly petitioner has a remedy in a court of general jurisdiction to enforce whatever claims he has against the legatees.

No similar application has been entertained by a surrogate so far as investigation discloses. Subject to the statutory exceptions hereafter mentioned this court has no jurisdiction over private contracts made by legatees even if the source of the contract payment is to be found in some interest in the estate. This petitioner does not claim to be an assignee. It is true that he asserts that the effect of the transaction between him and his employers is to establish an equitable lien in his favor, but nothing is shown in the papers submitted which would support that claim of lien nor any claim of a specific interest in the fund which is within the jurisdiction of this court. It was deemed necessary to confer upon this court express statutory authority to enforce an attorney's lien against interests of legatees in an estate. (Laws of 1923, chap. 526, amdg. Surr. Ct. Act, § 231-a.) Similar express statutory authority was conferred upon this court to fix fees of attorneys-in-fact. (Laws of 1935, chap. 206, adding to the Surrogate's Court Act a new section, 231-b.) No authority is to be found in the statutes for fixing as against legatees the fees of one who has rendered service as an accountant to them.

Where the issue does not directly affect the administration of the estate this court would not be justified in asserting jurisdiction because of the terms of section 40 of the Surrogate's Court Act. (*Matter of Thomas*, 235 App. Div. 450; *Isaacs* v. *Isaacs*, 208 id. 61; *Matter of Krasnofsky*, 157 Misc. 759; *Matter of Maer*, N. Y. L. J. Nov. 2, 1935, p. 1648.) The application is denied for lack of jurisdiction.

Submit, on notice, order accordingly.