**IN THE MATTER OF THE ESTATE OF ELLSWORTH C. WARNER, DECEASED.**

35 So. (2nd) 296            January Term, 1948
May 7, 1948                    Division A
Rehearing denied June 8, 1948

*W. F. Maurer,* for appellants.

*Earnest, Lewis & Smith,* in propria personae, *Farish & Farish* and *Rogers, Towers & Bailey,* for executors, appellees.

TERRELL, J.:

This case grew out of the administration of the estate of Ellsworth C. Warner. Harold L. Warner, a son and one of the heirs to said estate, was first represented in its administration by the law firm of Evans, Mershon and Sawyer, who later withdrew and were succeeded by Earnest, Lewis and Smith. After rendering the services for which they were employed, Earnest, Lewis and Smith billed Harold L. Warner for their compensation which was not paid, so they filed their petition in the probate court, alleging the non-payment of their fee, that it was earned by representing Harold L. Warner, Katherine Warner and Maurice Warner, another brother, in the administration of the estate of Ellsworth C. Warner.

The petition also pointed out that distribution of the estate was about to be made, that Harold L. Warner had assigned his legacy to the First National Bank of Minneapolis, a foreign corporation, that the beneficiaries were all non-residents, and that petitioners would be without remedy if settlement was made and the assets of the estate transferred to another jurisdiction. On consideration of the petition the probate court directed the executors to withhold $2100. from the legacy payable to Harold L. Warner for payment of his counsels' fees. The legacy to Katherine Warner and Maurice Warner was allotted to them and their fee was paid, so they are no longer parties to the litigation. This order was entered February 1, 1946, and no appeal having been taken, as authorized by law, it became final. On April 15, 1947, the probate Court adjudicated a lien for attorneys fees in favor of Earnest, Lewis and Smith and directed the executors to pay them from the funds of Harold L. Warner in their custody. On appeal the Circuit Court held that the Probate Court was without jurisdiction to adjudicate a lien for attorneys fees, but directed the executors to hold the sum of $2500. to satisfy the claim of Earnest, Lewis and Smith when a judgment for it was secured in an appropriate action. This appeal is from the decree of the Circuit Court.

Several questions are proffered but the pith of the controversy is whether or not, when a reputable attorney is em-

ployed by a nonresident legatee to represent him in the administration of an estate, and such legatee fails or neglects to pay said attorney for his services, may the Probate Court direct the executor to withhold sufficient funds from the legacy, and order them paid to the attorney for his services?

The parties will hereafter be referred to as "Warner" and "attorney." There is no dispute as to Warner and the attorney having entered into the contract for the performance of the services, neither is it charged that the services were not well and faithfully performed. It is shown on the other hand, that they were entirely satisfactory and that the fee charged was reasonable. The gist of Warner's contention is that the Probate Court is one of limited jurisdiction and that there is no authority under the law to pay attorney for the services rendered. Section 17, Article V of the Constitution relied on to support this contention is as follows:

"The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate."

It is also contended that section 38 of the Probate Act which paraphrases the provision of the constitution just quoted, does not authorize the payment of attorneys fees in administration proceedings. It is true that the constitution and the statute as referred to, do not in terms authorize payment of an attorney's fee for representing a legatee, but Section 734.01, Florida Statutes 1941, dealing with the same subject matter, authorizes the payment of attorneys fees for the "care, management and settlement of the estate." Moreover, since the decision in McCollouch v. Maryland, the doctrine of implied powers has been as much a part of the law of this country as the written law itself if the terms of the statute or the constitution relied on are such that we may reasonably assume that the power implied was in the legislative mind and that it is essential to effectuate the powers which are expressly granted.

It may be admitted arguendo that there is no express grant of power to pay the attorneys fees brought in question, but certainly there is an implied power to pay them. The attorney was hired in good faith by non-resident clients. His labors were well and faithfully performed and there is reason to infer that Warner set out to give him the runaround and evade payment. He refused to pay when paytime came, he assigned his legacy to the First National Bank of Minneapolis which was beyond the jurisdiction of the court and this conduct on his part precipitated the petition to withhold certain of Warner's legacy to secure payment of the fee.

The constitution makes no attempt to treat specific cases. It confers "jurisdiction of the settlement of the estates of decedents and minors." This is a broad grant of power and clothes the probate court with plenary power to adjudicate any matter arising in the "settlement" of a decedent's estate. If a legatee hires a lawyer to represent him and refuses to pay, it follows as a matter of course that power resides in the probate court to protect the lawyer out of the proceeds of the estate adjudicated to the legatee. As pointed out in the previous paragraph, there is no question here about the amount of the fee or the fact that it was earned. This view is further supported by section 4, Declaration of Rights, giving remedy by due course of law to those injured in person, goods, lands or reputation. Due course of law contemplates the shortest cut to justice consistent with reason and sound practice.

Courts in this country have consistently protected the rights. of attorneys growing out of services performed by them when there is an attempted evasion to pay. Vosges Syndicate, Ltd. v. Everglades Club Co. 122 Fla. 267, 164 So. 881. It is contrary to all human experience to contend that after a litigant has hired an attorney and secured the fruits of his labor and then refuses to pay, that a court of competent jurisdiction in control of its processes and judgment is helpless to grant relief against a litigant who is attempting to escape with the proceeds of his attorneys labor. Courts were created to resolve conflicting claims and they are clothed with power to do so. To hold otherwise the law is nothing

more than an effete system of abstract rights by which one may accomplish his designs and snap his finger in the face of the court and bid the law au revoir.

The law is settled in this jurisdiction that a litigant should not be permitted to walk away with his judgment and refuse to pay his attorney for securing it. Randall v. Archer, 5 Fla. 438; Miller v. Scobie, 152 Fla. 328, 11 So. (2nd) 892; Forman v. Kennedy, 156 Fla. 219, 22 So. (2nd) 890; Chancey v. Bauer, 97 F. (2nd) 283. It is further consistent with law that an attorney's lien in a case like this be enforced in the proceeding where it arose. The parties are before the court, the subject matter is there, and there is no reason whatsoever why they should be relegated to another forum to settle the controversy.

In this case the attorney not only brought the legacy into court, he brought a sizable sum as interest with it. It was perfectly competent for the court to withhold payment of the legacy before the attorney's claim was satisfied, when every asset Warner had was about to be transferred to a foreign jurisdiction. The constitution was not designed to be a step by step blue print for the court to stalk. It was designed as a diagram with numerous interstices for the Court to supply if clearly implied. When the probate court was vested with "jurisdiction of the settlement of the estates of decedents and minors" he was empowered to adjudicate attorney's fees that properly arise in the course of such settlement. True, he does so by what may be termed interstitial legislation, so often approved as to have become common place, and so essential here to effectuate the power expressly granted. It is equally as essential to keep the law apace with the justice of the case and the morals on which it is predicated. His order is of course, subject to review in the usual way.

In our view the contract of employment between Warner and attorney was sufficient to authorize the court to protect attorney in the manner shown. We are also of the view that there was ample showing for the relief awarded by summary proceedings. The fund was in custodia legis and there was no dispute about the reasonableness of the claim. The Circuit Court was therefore in error in his conclusion that the probate

court was without jurisdiction to grant the relief petitioned for.

The decree appealed from is therefore reversed with directions to affirm the judgment of the Probate Court.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.