TERRELL, Justice.
This appeal is from a decree of the Circuit Court reversing a judgment of the County Judge’s Court impressing a lien for attorneys’ fees on the share of a legatee in the estate of Abram Barker. We think the record shows an agreement on the part of appellants Hall & Hedrick to perform legal services for appellee Wilma Hatch Lee, the compensation being a definite percentage of the sum recovered. It also shows that the services'were efficiently performed and resulted in a large judgment for appellee. When the purpose of a contract is accomplished it is too late to haggle over its validity, there being no\ contention that the parties did not have power to make it. This is all the more true when its terms are so plain that it defies interpretation. A lawyer’s compensation, like that of every man who labors, is his bread and butter. When his contract is completed he is entitled to his pay and should not be forced to a suit to collect it. Such controversies are to be avoided so far as compatible with self-respect and his right to reasonable compensation for his services. Litigation to recover a fee is very embarrassing and "is never resorted to except in cases to prevent injustice, imposition or fraud. 31 F.S.A. Rule 14 of Rule B. Ethics Governing Attorneys, 145 Fla. 784. An attempt to evade payment of an attorney’s fee comes in poor grace after the work is done, the results accomplished and there is no question of bona fides. The probate judge was of this view and required payment of the fee. We think his judgment should be affirmed on authority of In re Warner’s Estate, 160 Fla. 460, 35 So.2d 296 and like cases. This view wás in keeping with the purpose of the Probate Act, F.S.A. § 731.01 et seq.
The judgement of the Circuit Court is accordingly reversed with directions to affirm the judgment of the Probate Court.
Reversed with directions.
THOMAS, HOBSON and DREW, JJ., concur.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., dissent.