SEBRING, Justice
(dissenting).
As I understand the record in this cause, the sole basis for the recovery of the attorneys’ fees in the county judge’s court was a contingent fee contract entered into by the attorneys and the legatee on April 14, 1947, which reads as follows-:
“Under the circumstances I think our charges to you should be on the basis of twelve and one-half percent (12%%) of what you receive from the estate, provided the case is concluded in the Probate Court; if it is appealed, fifteen percent (15%) of what you receive; if the case is settled before con-eluding it in the Probate Court, a fee of ten percent (10%).
“Of course, this is a contingent fee and if you lose the case we receive nothing. * * *
“Accepted: /s/ Wilma H. Lee [legatee].”
■ In answer to the petition filed by the attorney in the county judge’s court based upon the contract, the .legatee asserted, among other defenses; that the retainer agreement had been terminated by her twelve days after its execution; that the retainer agreement was procured through fraud and overreaching; that the services rendered by- the attorneys were of a minor and inconsequential nature; that the petition should be dismissed for the reason that the county judge’s court was without jurisdiction to determine the issues presented ; and thair the controversy was one as to which the legatee- had the right to trial by jury.
*305 At the hearing upon the petition and answer the legatee introduced into evidence a letter dated April 26, 1947,' addressed to the attorneys, containing the following statement:
“Sirs: * * * the aggregate cost of this litigation to me will not permit retaining your firm upon the terms outlined in your letter of the 14th instant * * * and I am therefore terminating your retainer * * *.
“/s/ Wilma H. Lee”
At the conclusion of the hearing the county judge overruled the respondent’s objections as to jurisdiction, and entered a judgment in which he found that the attorneys were “entitled to 15% of the net estate received by [the legatee] and. * * * entitled to a lien on the estate to secure payment of the fee.”
Upon appeal to the circuit court an order of reversal was entered in which it was found among other things, .that the county judge’s court, sitting as a court of probate, did not have jurisdiction to decide the issues involved. An appeal has been taken from this order.
I am of the opinion that there is no error in the order appealed from.
It is settled that a probate court is a court of limited jurisdiction and has only “such power as is conferred by the Constitution and statutory enactments.” American Surety Co. of New York v. Murphy, 151 Fla. 151, 9 So.2d 355, 358. Insofar as here applicable, section 17, Article V of the Florida Constitution, F.S.A., provides that “The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors * * * and .to discharge the duties usually pertaining to courts of probate.” See also section 732.01 et seq., Florida Statutes 1951, F.S.A.
Under the constitution and the applicable statutes; it has been held that, where the terms of a contract between an attorney and a legatee, or other person beneficially interested in the administration of an estate, and the valúe of services rendered thereunder, are not in dispute, then the probate court has the power to recognize the contract, declare' the amount of attorney’s fee due thereunder, and impress a lien upon the share in the estate of the contracting party for its payment. In re Warner’s Estate, 160 Fla. 460, 35 So.2d 296. Rut I know of no authority for the determination and allowance by the probate court, of an attorney’s fee upon a contract for services executed by a legatee and third .persons, namely the attorneys, where there exists a genuine dispute between the parties as to the validity of the contract, the circumstances of its execution, the circumstances of its breach, the ■services rendered thereunder, and the value of' such services. While the power of the probate court within the limited sphere of operation permitted by section 17, Article V, Florida Constitution, has been characterized as broad and plenary, it cannot logically be contended that by reason of this power the probate court in administering estates has general jurisdiction over disputed contracts, between legatees and third persons merely because the source of payment designated may be property of an estate in probate.
I find no merit in the appellants’ contention that the probate court was authorized to allow.a fee on the theory that the disputed contract of employment was in substance and effect an assignment to the attorneys of a certain percentage of the net estate which the legatee would receive at the conclusion of the administration. Compare In re Leblang’s Estate, 159 Misc. 322, 287 N.Y.S. 910.
Under my view of' the matter, that, the probate court did not have jurisdiction to entertain the controversy, no final determination could properly be made in this suit on the issue of whether a client may terminate a contract with counsel of record ' without first 'obtaining an ' order of court, arid what bearing, if 'any, such, a terrnination will have on the question of the right of the attorney to enforce the contract in accordance with its terms: "
*306 Por the reasons stated, I dissent from the majority ruling and am of the opinion, that judgment appealed from should be affirmed.