O’CONNELL, Justice.
This is an appeal from an order of the Circuit Court, Duval County, reversing an order of the County Judge’s Court of that County, sitting as a court of probate. In his order the County Judge, on the ground that he had no jurisdiction to do so, refused to fix and determine the amount claimed to be due an attorney for services rendered by said attorney to Minnie Barton, one of the distributees of the Estate of Gertrude Baxter. The services were rendered in obtaining for said distributee a share of said estate in litigation in the county judge’s court.
The circuit court reversed the probate court, holding that the County Judge had authority to fix and determine fees for an attorney rendering services to a distributee or legatee in an estate being administered in that court under authority of the decisions of this Court in the cases of In re Barker’s Estate, Fla.1954, 75 So.2d 303 and In re Warner’s Estate, 1948, 160 Fla. 460, 35 So.2d 296, 299.
It appears that when the petition for administration and letters of administration were issued in this estate in February 1953 Minnie Barton was not included as one of the next of kin or heirs at law. Some nine months after issuance of letters she contacted and engaged the appellee, an attorney, to represent her in obtaining a share of the estate. The attorney and Minnie Barton executed the following document:
“Retainership Contract
“Minnie Barton, of Arcadia, Florida, hereby retains Norman P. Freedman, Attorney at Law, to represent her in the estate of Gertrude Baxter, same being now probated in the County Judge’s Court in and for Duval County, Florida, Case No. 20666-D and agrees to pay said Norman P. Freedman a reasonable fee for his services therein.
“/s/ Minnie Barton”
It appears that the attorney represented Minnie Barton until about September 1954, at which time he filed a petition in the County Judge’s Court in which he alleged the contract above mentioned, the performance of services with the result that Minnie Barton was granted a one-fifth share of said estate, that Minnie Barton had advised him that he, the attorney, was no longer authorized to represent her in said estate and desired him to withdraw as her counsel, and that she has refused to pay him for his services. He stated that the fees for his services had not been agreed upon. He prayed the court to determine, fix and allow a reasonable attorney’s feej to grant him a lien on Minnie Barton’s interest in said estate, and to make provision for payment of his fees.
Minnie Barton, by another attorney, moved to dismiss the petition of Freedman on the principal ground that the probate court lacked jurisdiction to adjudicate the matter.
*318 The probate court refused to fix and determine the fees claimed, but did order that no distribution would be made to Minnie until the matter of determination and payment of such fees was settled.
We feel that the circuit court was correct in reversing the order of the County Judge for we construe the question now presented here to have been foreclosed by the decisions of this Court in In re Warner’s Estate, supra, and In re Barker’s Estate, supra. Nevertheless, we feel that it will serve a useful purpose to review and perhaps to clarify the decisions in those cases.
In re Warner’s Estate the attorneys üled a petition alleging that they had rendered services to the three legatees, that the legatees owed a balance of $4,185.20 fees and costs for said services, which sum was alleged to be a reasonable sum for their services. The attorneys asked that as to two legatees distribution of their legacies be made by giving checks to the attorneys made payable jointly to the attorneys and the legatees and that as to the third legatee that the probate court withhold from said legacy when distributed a sum sufficient to cover that legatee’s share ,of the fees and costs claimed by the attorneys.
The County Judge granted the petition.
After the entry of the order granting same one of the first two legatees paid his share of the fees and costs but the other of the first two legatees and the third legatee through another attorney moved the court to vacate said order on the grounds, generally, that the legatees did not have notice of hearing on the petition prior to entry of said order and that the probate court did not have jurisdiction to adjudicate attorneys’ fees for services rendered to legatees or to impress a lien therefor.
Thereafter a hearing was had at which the parties were heard through counsel and the probate court ordered the attorneys’ fees and costs paid from the funds which were due the legatees in the estate proceedings. In its order the probate court specifically held that it had jurisdiction to entertain and act on the petition of the attorneys for their fees and costs.
On appeal to the circuit court the order of the probate court which adjudicated and ordered payment of fees to the attorneys was reversed, but the circuit court ordered that $2,500 be withheld by the probate court to protect the attorneys in payment of their fees when adjudicated “in an appropriate forum”.
Appeal was taken to this Court by the legatees. The attorneys filed a cross appeal.
This Court reversed the circuit court and affirmed the order of the probate court. In the opinion in that case this Court said:
“When the probate court was vested with ‘jurisdiction of the settlement of the estates of decedents and minors’ he was empowered to adjudicate attorney’s fees that properly arise in the course of such settlement. True, he does so by what may be termed interstitial legislation, so often approved as to have become commonplace, and so essential here to effectuate the power expressly granted. It is equally as essential to keep the law apace with the justice of the case and the morals on which it is predicated.”
This was a square holding that county judge’s courts, while of limited jurisdiction, nevertheless had the implied power to adjudicate attorneys’ fees for services rendered to a legatee or distributee and to order payment thereof as an incident to the settlement of estates.
We further held in that case that the probate court had the authority to enforce a lien for attorneys’ fees rendered to a legatee or distributee in a proceeding in that court saying:
“It is further consistent with law that an attorney’s lien in a case like this be enforced in the proceeding where it arose. The parties are before the court, the subject matter is there, and *319 there is no reason whatsoever why they should be relegated to another forum to settle the controversy.”
While the holding in the Warner case has been construed by some to apply only to a situation where there is no dispute over the existence of a contract, performance of the services, or the sums due because in the opinion of this Court such factors were emphasized, we do not so construe said opinion.
The question of jurisdiction of the probate court to determine and award attorneys’ fees was raised and specifically decided both by the probate court and by this Court. The question of jurisdiction was the first question which had to be decided before the merits of the case could be considered. If the probate court did not have jurisdiction to entertain the matter it would be immaterial whether the existence of a contract, the performance of services or the value thereof was in dispute or not. Therefore we do not construe the fact that there was no dispute as to the existence of a contract or as to the reasonableness of a fee to be material in the decision.
In In re Barker’s Estate, supra, the facts were broader and more closely akin to the case now before us.
In that case the attorneys represented a legatee in an estate proceeding under a written contract providing that the attorneys would receive 15% of the net amount received by the legatee from the estate. The legatee refused to pay and the attorneys petitioned the court to determine their fees for their services, enforce a lien therefor and order payment of the sums found to be due them. The legatee in defense of said petition claimed that she had terminated the contract of employment 12 days after it was made; that the sums she would be required to pay under the contract were disproportionate to the services rendered; that the attorneys were guilty of fraud and overreaching; that the probate court was without jurisdiction to determine the validity of the contract, ,or to fix the fees due thereunder; and last, that she was entitled to a trial by jury on- the issues involved.
The probate court held that it had jurisdiction to adjudicate the matter and did so. The circuit court reversed the probate court, and this Court, on authority of In re Warner’s Estate, reversed the circuit court and affirmed the order of the probate court.
It is important to those of the public who may hereafter become involved in litigation such as this, and to the Bench and Bar of this State that the law on this question be settled firmly and conclusively.
We have reviewed the decisions of this Court in the two cases above discussed and also the records and briefs in those cases as same are on file in this Court.
We construe those cases to hold that a county judge’s court although a court of limited jurisdiction, has the implied power, authority and jurisdiction to entertain and to determine matters pertaining to the fixing of fees for services rendered by an attorney to a legatee or a distributee in an estate proceeding in such court, and likewise has the power to award a lien therefor and to order payment of such fees from funds due the legatee or distributee from the estate involved.
We do now reaffirm the holdings in said cases.
We find nothing in the record or briefs before us in this case which requires us to depart from or modify the decisions in the cases of In re Barker’s Estate or In re Warner’s Estate.
The case now before us is a good example that a dispute over fees due an attorney for services rendered a distributee in the estate proceedings does effect the settlement of the estate of a decedent and that the adjudication of such a matter is incidental to the settlement of an estate. For in the instant case the county judge in his order *320 denying the appellee attorney’s petition to determine and award fees, nevertheless ordered that no distribution of her share of the estate be made until further .'order of the court pending determination and payment of fees to the attorney. This order was entered on November 1,. 1954.. The settlement of this estate has been held' in abeyance since that date. If a probate court has the power to protect the attorneys who practice before it by impressing a lien against property or money acquired for the. legatee or distributee through the services of the attorney in that court, as wé. have held .that such a court has the power to do, it, must follow that the impressing of such a lien on the share of the estate involved effects the settlement of the estate.
It seems reasonable to us also, that if a court has the power to impress a lien for services, that it must first have the power ■to determine that a lien exists. If- it is empowered to determine this question it does not seem reasonable to say that it does not have authority to complete the job and determine how much the lien should be for, and to order payment of the amount found to be due.
In further support of our decision in this case it is well to note that in the case of Wells v. Menn, 1944, 154 Fla. 173, 17 So.2d 217, 218, wherein this Court held that the county judge’s court had jurisdiction to entertain, confirm and effectuate a settlement agreement made between the proponent of a lost will and 'one contesting its probate, we said:
“Anything reasonably pertaining to the settlement or administration of the estates of decedents and minors is contemplated within the jurisdiction of the probate judge.”
“It requires no stretch of the imagination or terms of the Constitution to hold that the settlement agreanent in this case was within that category and could be' adjudicated as effectively by the probate court as it could probate the will.”
There appears to be equally as strong .reasoning to support the jurisdiction of a probate court to adjudicate a contract between an attorney and legatee or distributee for services rendered in an estate proceeding as there is for the jurisdiction of such a court to adjudicate a contract or settlement agreement between two legatees or distributees. And it would appear to us that the probate court can just as effectively adjudicate the fees due an attorney for representing a legatee in said proceedings as it can adjudicate the fees due an attorney for the personal representative of such an estate.
Accordingly we hold that the order of the circuit court in this case should be affirmed with directions that further proceedings be had in accordance with law.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.