WALDEN, JAMES H., Associate Judge.
This is an appeal from an order denying appellant’s motion to vacate, which order was entered on August 23, 1957, by the County Judge’s Court of Broward County, Florida, in a guardianship proceeding.
Appellant rendered legal services to the guardian and ward and thereafter petitioned the County Judge’s Court for an order *890 making an allowance for attorney’s fees as he was entitled to do under the provisions of F.S.A. § 745.33. On April 15, 1957, while appellant’s petition for fees was pending, the County Judge entered a final order discharging the guardian and, in effect, closing the case. The pertinent parts of the order are as follows:
“It is ordered and adjudged that the petition for payment of fees to G. H. Martin, Esquire, is hereby certified to the County Judge’s Court in and for Highlands County, Florida, for such disposition as to that Court shall seem meet and proper.
“It is further ordered and adjudged that Fred Zimmerman be, and is hereby, discharged, as guardian of the property of Beverly Ann Straitz, from further liability in connection with said guardianship, and that Peerless Casualty Company, surety on said bond are likewise relieved from further liability as such surety, according to law.”
On August 1, 1957, appellant filed his motion to vacate the order of discharge. On August 23, 1957, the court below entered the order which is now on appeal. After making extensive findings the order concluded, as follows:
“It is therefore ordered and adjudged that the County Judge’s Court of Broward County, Florida, does not have jurisdiction of the minor, Beverly Ann Straitz, her Guardian, Laura Straitz, nor the property of said Beverly Ann Straitz, minor.
“It is further ordered and adjudged that the Motion to Vacate filed herein on August 1, 1957, be, and it is hereby denied.
“It is further ordered and adjudged that certified copies of the Motion to Vacate Order, and this order be mailed to the Hon. Mervin Rehrer, County Judge of Highlands County.”
In view of these circumstances the appeal should be dismissed for that this Court does not have jurisdiction. The order assailed by appellant is not a final order or decree. Appeals from the County Judge’s Courts when same concern the estates and interests of minors may only be taken from final orders or decrees. Art. 5, § 5(3), Fla.Const., adopted general election 1956, F.S.A. See also Rule 4.4, Florida Appellate Rules, 31 F.S.A.
The order discharging the guardian entered on April 15, 1957, was a final order. Redfern, Wills and Administration of Estates in Florida, 3rd Ed., § 353. If appellant was aggrieved thereby it was incumbent upon him to appeal from such final order within 60 days. Rule 3.2, subd. b,. Florida Appellate Rules. Such procedure may not be circumvented by filing a motion to vacate after the appeal time has expired.
The appeal is hereby dismissed.
KANNER, C. J., and ALLEN, J., concur.