SMITH, Judge.
G. H. Martin, appellant and attorney, filed his petition for attorney’s fees in the above estate alleging that, in 1955 his services were engaged as an attorney to represent the interest of Beverly Ann Straitz, a minor, in all matters pertaining to the estate of her deceased father, William Straitz. The minor’s mother retained the attorney and shortly thereafter a guardian of the minor was appointed by the County Judge’s Court of Broward County, and the guardian retained the attorney. The terms of the employment were that the attorney would be paid a reasonable fee, considering the amount of work done, the responsibility involved, and the results obtained, and that the fee would be paid from the minor’s share of the assets of the estate. Domiciliary administration of the father’s estate was instituted in Pennsylvania, and ancillary administration is pending in Broward County. The ancillary administratrix and her attorneys, and the guardian and his *240 attorney, Mr. Martin, combined their efforts, instituted litigation in behalf of the estate, and by other means produced and brought into the estate hidden assets of approximately $81,000.00. The minor has either already received, or now stands entitled to receive one-half of an estate of approximately a half million dollars. The attorney was required to devote a great deal of his time in these services for the benefit of this minor. The attorney first filed his petition for attorney’s fees in the guardianship proceedings; but while the petition was pending, the county judge entered an order discharging the guardian and certified the petition for payment of attorney’s fees to the County Judge’s Court of Highlands County, which had then become the residence of the minor and where another guardian had been appointed. The guardianship in Broward County was so terminated and transferred to Highlands County without notice to the attorney. Subsequently, in Highlands County, the guardian took the position that the County Judge’s Court of that county lacked jurisdiction to award any attorney’s fees for services rendered prior to the time of the beginning of the guardianship proceedings in Highlands County, and the guardian took the position that the guardianship proceedings had been closed in Broward County; that the petition in Highlands County was dismissed on motion of the attorney and that there was now no petition for attorney’s fees pending in the County Judge’s Court of Highlands County and no fees had been awarded; that this petition (in the estate proceedings) is the only pending petition for his attorney’s fees; that the attorney had no agreement with the administratrix or her attorneys for the payment of any fees, and conversely, the attorneys for the administratrix had no claim for any fees from the guardian or the minor or from her interest in the assets of the estate; and that the attorney had not been paid any fees for any services pertaining to the matter.
The appellee, the mother and guardian of the minor, by appointment of the County Judge’s Court of Highlands County, moved to dismiss the petition and filed her answer. The grounds for the motion were that the court lacked jurisdiction to award the fees. The answer admitted the employment of the attorney and that he was entitled to a reasonable fee for his services, but alleged that such fees could be awarded only in the guardianship proceedings in Highlands County. After taking testimony, the court entered an order finding that there was no attempt on the part of the minor or her guardian to prevent the attorney from being paid a reasonable fee for his services, but, that the dispute is to whether or not the attorney may have the probate court in the estate proceedings determine a reasonable fee and charge the same against the distributive share of the minor. The court then concluded that the County Judge’s Court of Broward County lacked jurisdiction to award the attorney’s fees and the award of such fees could be had only in the guardianship proceedings which had been transferred to Highlands County and dismissed the petition without prejudice to proceed in the County Judge’s Court of Highlands County. This appeal is from that order.
Before discussing the merits of this appeal, we pause here to note that the attorney did not then appeal from the order of the County Judge’s Court of Broward County discharging the guardian and certifying the petition for payment of attorney’s fees to the County Judge’s Court of Highlands County. He subsequently filed a motion to vacate this order which the court denied. He appealed from the latter order which was dismissed by this court, In re Guardianship of Straitz, Fla.App.1959, 112 So.2d 889. The attorney then appealed from the former order, but not within the time provided by law and this appeal was dismissed by this court, In re Guardianship of Straitz, Fla.App.1961, 129 So.2d 161. The Attorney then filed a petition for writ of certiorari with the Supreme Court of Florida which was denied, In re Guardianship of Straitz, Fla.1961, 136 So.2d 346.
*241 In the course of this appeal, this court has previously denied a motion of appellant for leave to supplement the record on appeal and denied a motion of appellant to strike appellee’s directions to the clerk and denied a motion of appellee to dismiss the appeal. The ultimate purpose of all legal proceedings is to speedily determine the merits of the matter within the rules of procedure established by law. Such extended litigation seems incredible when all parties here again concede that the attorney is entited to a reasonable fee for his services.
The probate judge set forth detail findings of law and fact. This procedure is most helpful to an appellate court. The probate court found, as a matter of law, that:
“All matters pertaining to guardians and wards, or property of such wards, are governed by the Provisions of the Florida Guardianship Law, * * * Chapters 744, 745, 746, Florida Statutes, F.S.A.; Hughes v. Bunker, Fla.1954, 76 So.2d 474.
thereby holding that the petition for attorney’s fees may be maintained only in the guardianship proceedings then pending in Highlands County. This was error. County Judge’s Courts have jurisdiction to do all things reasonably related to the probate of wills and the settlement and administration of decedent’s estate, except where a conflicting proposition exists by virtue of an express provision of the constitution, In re Feldman’s Estate, Fla.App.1959, 109 So.2d 407. In this instance, there is no conflicting constitutional provision.
In re Baxter’s Estate, Fla.1956, 91 So.2d 316, 319, the Supreme Court analyzed in detail its prior opinions involving the award of attorney’s fees in an estate and then said:
‘‘We construe those cases to hold that a county judge’s court although a court of limited jurisdiction, has the implied power, authority and jurisdiction to entertain and to determine matters pertaining to the fixing of fees for services rendered by an attorney to a legatee or a distributee in an estate proceeding in such court, and likewise has the power to award a lien therefor and to order payment of such fees from funds due the legatee or distributee from the estate involved.”
The fact that in this case there is pending a guardianship for the legatee in another county does not change the principle of law enumerated above.
The order appealed from is reversed with directions to the probate court to determine a reasonable fee to be awarded to the attorney in accordance with the principles established, In re Lieber’s Estate, Fla.1958, 103 So.2d 192, and to award the attorney a lien therefor and to order payment of such fee from funds due the legatee from this estate.
Reversed.
KANNER, Acting C. J., and WHITE, J., concur.