PER CURIAM.
Mrs. Alford (formerly Mrs. Chancellor), defendant below, appeals from a final decree foreclosing a mortgage and assigns as error order of the trial court denying her supplemental interrogatories, striking her request to admit and produce documents, and denying a motion to strike.
We are immediately confronted with an inadequate record. Apparently, the proceedings held before the trial judge were not recorded and the transcript of the evidence and happenings on these occasions are not available to this Court. A review of the documentary evidence in this cause raises material questions of apparently erroneous rulings and proceedings on the part of the trial judge, and were we benefited with an adequate record revealing no waiver of the original objections, a different result might well have been reached by this Court. By his own innovation, Appellants’ attorney attempted to' correct this essential deficiency by means of post de-cretal affidavit. Such procedure is not in compliance with the rules of procedure which provide an orderly means for making up an adequate record and will not be recognized by this Court.
Appellees’ attorney, without leave of this Court, was more than two months late in filing its brief. Such flagrant violation of the Florida Appellate Rules requires public censure which this statement constitutes.
Finally, the appellate rules of procedure clearly provide an orderly path for attorneys to follow in presenting the grievances of their clients to an appellate court, and if attorneys will follow these rules, the case presented can be reviewed and determined upon its merits by an appellate court.
Affirmed.
RAWLS, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.