BARKDULL, Judge.
This appeal presents for review the correctness of an order of the county judges’ court assessing attorney’s fees. The fees were awarded for the establishment of a trust and were assessed against the corpus of the trust.
It is undisputed that the testator waived the requirements of the Florida trust law and waived the requirements of the testamentary trustees giving bond and otherwise complying with said statutes. However, this was an estate of considerable means and the testamentary trust involved in these proceedings ultimately received assets in excess of one-half million dollars, which represented one-third of the adjusted gross estate. The county judge entered an order approving the receipt by the trustees of the assets that were to be included in the trust and thereafter, upon petition being filed, awarded attorney’s fees to counsel for the co-trustees in establishing said trust. Said order, in part, reads as follows:
* * * * * *
“* * * the Court having considered the record and testimony of M. LEWIS HALL, JR., * * * hereby finds as follows:
* * * í}í * Jjí
“The fact that the Will required the trustees to commence certain responsibilities in connection with the trust of FRANKLIN W. GERHART as of the date of the death of the decedent, MARGARET B. GERHART, imposed similar legal responsibilities upon the attorney for the co-trustees:
“* * * The co-trustees and the attorney for the co-trustees accepted assets which met with the approval of all parties, retroactively computed the earnings thereon and have distributed such earnings to the beneficiary, FRANKLIN W. GERHART.
“The attorney for the co-trustees has rendered valuable legal services for the benefit of the trust estate and has performed normal and extraordinary legal services in the creation of this trust, pursuant to the Will. The testimony reveals and the Court finds that counsel for the co-trustees devoted approximately 350 hours in representing the co-trustees in establishing this trust. In performing this legal service counsel is entitled to compensation from the trust. * *
‡ ‡ í|í % s}c
“The Court, having duly considered these findings of fact and having heard argument of counsel for FRANKLIN W. GERHART, without corroborating testimony, and have also considered the argument of counsel on behalf of the *657 co-trustees, and being duly advised, it is, upon consideration
"ORDERED that M. LEWIS HALL, JR. be, and he is hereby awarded an attorney’s fee, as attorney for the co-trustees, for legal services rendered in establishing the testamentary trust for FRANKLIN W. GERHART, in the sum of $15,000.00, * * *”
* * *
The appellant urges that the county judges’ court was without jurisdiction to consider this petition for attorney’s fees and that the court erred in assessing fees, even if it had jurisdiction, against the corpus of the trust rather than the assets of the probate estate. We fail to find error, and affirm.
It has been clearly indicated by the Supreme Court of Florida, by its opinions in In re Warner’s Estate, 160 Fla. 460, 35 So.2d 296; In re Barker’s Estate, Fla.1954, 75 So.2d 303; In re Baxter’s Estate, Fla.1956, 91 So.2d 316; In re Straitz’ Estate, Fla.App.1961, 135 So.2d 239, that the county judges’ court [although a court of limited jurisdiction] possesses certain jurisdiction to fix attorney’s fees chargeable against a distributee’s share of an estate.
With the findings, as above recited by the county judge in the order awarding fees, not being under contest in this proceeding, and the record before the trial judge not being before this court upon which said order was made, this finding could not be contested. Wilder v. Altman, Fla.App.1965, 179 So.2d 250; Alford v. Equitable Credit and Discount Company, Fla.App.1968, 212 So.2d 354; Continental Assurance Company of Chicago, Illinois v. Albert, Fla.App.1968, 214 So.2d 80.
We fail to find that the probate judge committed any error in awarding the fee and requiring its payment from the dis-tributees’ share of the estate. If this were an expense that benefited the probate estate [the appellant’s point that it was error to charge this fee solely against the trust estate rather than as an administration of the probate estate] would be correct. However, the trial judge’s findings were to the contrary and these findings are not subject to review in these proceedings, as above indicated.
Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed.
Affirmed.
CHARLES CARROLL, C. J., dissents.