PER CURIAM.
This is a consolidated appeal by an attorney, Albert D. Greenfield, from two orders entered by the circuit court, probate division.
One order directed appellant to repay the Estate of Max J. Sacks, Deceased, the sum of $15,000 which he received from the estate for legal service in connection with defending a prior attempt to revoke probate of two codicils to the will of the decedent. The second order appealed awarded Greenfield $1,000 as extraordinary legal services on behalf of the estate.
Appellant contends that by entry of the second order the probate judge abused his discretion because the value of his extraordinary legal services far exceeded $1,000.
However appellant also argues that this court does not have to reach the question presented by the second order because the probate division was without jurisdiction to enter the first order and by entry thereof, the appellant was deprived of a trial by jury. We cannot agree with either of the appellant’s contentions.
Appellant was the co-executor of the estate along with Yetta Sacks, the decedent’s widow. In addition, Greenfield served as an attorney for the estate, although no oral or written agreement was offered to the trial court which established a fee for his legal services or a basis for measuring his fee.
When certain nieces and a nephew of the decedent filed a petition for revocation of the codicils, another attorney not involved in this appeal was retained to defend against the suit, upon Greenfield’s suggestion. Again, no agreement was drawn to determine the other attorney’s fee.
According to the probate judge, the contest of the codicils was far less complex than most contests, the basic issue involving forgery of the second codicil. The petition to revoke hltimately was denied.
A few days after the court denied the petition to revoke filed by the contestants, Greenfield held a meeting with Mrs. Sacks. At this meeting Mrs. Sacks agreed to and paid the $15,000 fee with which this appeal is concerned. In addition, she agreed to a fee for a lawyer whom Mr. Greenfield had associated in the work.
The court ruled that the lawyers’ fee formula used by Mr. Greenfield was not proper and in addition because no express contract had been entered into for a fee between the parties, and therefore the fees should be reached on a quantum meruit basis.
Accordingly, the probate judge determined that Greenfield was not entitled to a $15,000 fee resulting from the will contest and ordered him to repay the full amount. In addition, he was removed as a co-executor.
By the second order, entered about five months later, the court awarded Greenfield a total sum for both ordinary and extraordinary attorney’s fees .for services on behalf of the estate of $7,825.00.
In the first order, the probate judge concluded that the attorney’s fees received and the manner in which they were obtained shocked the conscience of the court.
Appellant contends that the probate court had no jurisdiction to disturb the attorney’s fees which he had received from Mrs. Sacks, because they represented a private contract between the attorneys and Mrs. Sacks as co-executor and sole legatee under the will. Therefore, he urges that Mrs. Sacks’ remedy lies in a contract ac *708 tion at law where Greenfield would be entitled to a jury trial.
As support for this proposition, appellant cites a 1930 California Supreme Court case, Jackson v. Superior Ct., 210 Cal. 59, 290 P. 448, 70 A.L.R. 175, and a Florida attorney general’s opinion, see 1967 Op. Atty.Gen. 067-3, January 12, 1967. The appellant also distinguishes the instant case from In re Baxter’s Estate, Fla. 1956, 91 So.2d 316; In re Barker’s Estate, Fla. 1954, 75 So.2d 303; and In re Warner’s Estate, 1948, 160 Fla. 460, 35 So.2d 296 on the basis that in those cases the attorney first petitioned the court for his fees, and the legatees objected, claiming the probate court lacked jurisdiction.
In each of the three cited Florida cases last cited, it was held that the probate court necessarily had jurisdiction to determine the attorney’s fee pursuant to its statutory power in the settlement of estates. In the case at bar, the opposite situation occurred. A legatee (and co-executor) filed a petition to remove her co-executor, for an accounting and an objection to attorney’s fees. In essence, appellant argues that the question of jurisdiction should not be a two-edged sword.
We hold that under the circumstances of this case the court clearly had jurisdiction to determine a proper and reasonable attorney’s fee. It follows that the appellant was not entitled as a matter of right to a trial by jury. See, In re DuVal’s Estate, Fla.App.1965, 174 So.2d 580, 587-588.
It may be true, as appellant suggests, that a personal representative may enter into a contract with an attorney to perform services on behalf of the estate absent court approval, which contract personally binds the personal representative. We note, however, that the attorney general’s opinion which appellant cites states that the better practice would be for the personal representative and the attorney he seeks to employ to first obtain the approval of the probate judge.
Nevertheless, for purposes of this decision, we will assume that the appellant is correct that a private contract may be entered into by the personal representative with an attorney, without the approval of the probate court, and if the contract is eventually disputed, the. proper course to follow would be a law action in circuit court, general jurisdiction division.
Still, we think the facts of this case do not support appellant’s position that the probate division lacked jurisdiction. No formal written agreement was entered into setting the terms of the attorneys’ employment in the will contest or a proper basis for their fees. And, we fail to see that Mrs. Sacks’ signature on the estate checks • — which she maintains were signed in blank — established a valid contract between the parties. The evidence in this case does not demonstrate any meeting of the minds with respect to attorney’s fees.
In our view, Mrs. Sacks’ objection to the fees paid to Greenfield and the other attorney had the same force and effect as if the lawyers were petitioning the court for a determination of their fee for the first time. Indeed, the probate judge’s determination that the fee would be allowed only on a quantum meruit basis, due to the lack of an express contract, indicates no firm agreement existed which vested jurisdiction in the law side of circuit court, rather than the probate court.
With respect to appellant’s contention that the court abused its discretion by setting his fee for extraordinary services at $1,000, we express the view that the award was proper and no abuse of discretion is shown.
Therefore, for the reasons stated, the orders appealed are affirmed.
Affirmed.