BASKIN, Judge.
Appellant challenges the trial court’s dismissal of his complaint for attorneys’ fees and the grant of summary judgment upon the ground of res judicata. We reverse.
In an earlier appeal, this court reversed the trial court’s award of a contingent fee, stating:
The executrix has appealed and urges error in the order on attorneys’ fees. We find merit in this contention. The contract was for 40% of any recovery that Hannon made on claims against the estate. Apparently these claims are still validly pending and, upon recovery being made, they will be entitled to 40% of the gross proceeds of any such recovery under the contract. Osius v. Hastings, Fla. App.1957, 97 So.2d 623; 610 Lincoln Road Inc., d/b/a A. Taylor & Sons v. Kelner, Fla.App.1974, 289 So.2d 12. As to services that they rendered to Maria Lungu in connection with the probate estate, they will be entitled to receive from the estate fees for such ordinary and extraordinary services as may be fixed by the probate judge upon appropriate petition and proceedings thereunder. Because Maria Lungu has now ended up the sole legatee of her late grandfather’s estate, she may not want to diligently pursue her claims against the estate; but she cannot frustrate her counsel’s right to fees in accordance with their written contingency agreement because of the fortuitous change in circumstances by the discovery of the will. And, as indicated above, she of course is responsible to her counsel for sustaining the probate of the will, both in the trial court and through appellate review.
Therefore, the order hereunder review be and the same is hereby reversed, with directions to permit counsel to seek their fees by pursuing the original claims of Maria Lungu against the estate or by such other proceedings as they may deem appropriate to establish the fees recoverable under the contract dated June 23, 1966, and without prejudice to the appel-lees’ filing appropriate petitions before the probate court to fix their fees in connection with sustaining the probate of the last will and testament of the late Alek G. Lunga.
Reversed and remanded, with directions.
*1021 Lungu v. Horton,[1] 298 So.2d 423, 424 (Fla. 3d DCA 1974), aff’d after remand, 322 So.2d 560 (Fla. 3d DCA 1975). In that opinion we recognized appellant’s entitlement to two distinct attorneys’ fees: one in connection with the probate of his client’s grandfather’s will and the other in connection with his client’s claims against the estate, which would entitle him to recover pursuant to his contingent fee contract. The trial court’s subsequent refusal to bind assets not yet distributed to Maria, affirmed per curiam by this court, Horton v. Koppen, 345 So.2d 1093 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 186 (Fla.1978), does not preclude appellant from recovering his fee under the principles expressed in the original opinion of this court.
The right of an attorney to establish a charging lien on his client’s undistributed share of an estate is well established. In re Estate of Baxter, 91 So.2d 316 (Fla.1956), aff’d after remand, 104 So.2d 146 (Fla. 1st DCA 1958); In re Barker’s Estate, 75 So.2d 303 (Fla.1954); In re Warner’s Estate, 160 Fla. 460, 35 So.2d 296 (1948); see Nichols v. Kroelinger, 46 So.2d 722 (Fla.1950).
We find no merit in appellees’ res judicata contentions. There is a lack of identity in the thing sued for, in the causes of action, in the identity of the parties to the actions, and in the capacities of persons against whom a claim is made.[2] Thus, res judicata does not serve to bar appellant’s claims. Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA), rev. denied, 412 So.2d 469 (Fla.1981); Matthews v. Matthews, 133 So.2d 91 (Fla. 2d DCA 1961), aff’d after remand, 222 So.2d 282 (Fla. 2d DCA 1969); see Wagner v. Baron, 64 So.2d 267 (Fla.1953), 37 A.L.R.2d 831; Fleming v. State Road Dept., 157 Fla. 164, 25 So.2d 376 (1946).
For these reasons, we reverse the summary judgment entered by the trial court and remand for further proceedings.

. The record and prior opinions reflect that Alek and Maria chose to spell their surname differently.

. In the first action, the petition for fees was filed against the grandfather’s estate; in the second, the claim was filed against Maria Lun-gu’s estate.