**LENORE MILLER and WALLACE RUFF, and THOMAS J. READY, partners doing business as RUFF AND READY, v. DAVID P. SCOBIE; LENORE MILLER v. DAVID P. SCOBIE.**

11 So. (2nd) 892 January Term, 1943

January 29, 1943 Special Division B

Rehearing Denied February 26, 1943

*Robert C. Lane* and *Edward F. Boardman,* for Appellant Lenore Miller and Wallace Ruff and Thos. J. Ready and Ruff & Ready in Pro. Per., and *J. T. McBrayer,* for Appellants, Ruff & Ready.

*Kurtz, Reed, Sappenfield & Cooper,* for appellee.

TERRELL, J.:

Lenore Miller employed the firm of Ruff and Ready to bring an action against David P. Scobie for breach of promise. She agreed to pay them fifty per cent of all sums recovered. The defendant moved to dismiss the cause and attached to said motion a stipulation entered into between the parties for that purpose. The plaintiff answered the motion to dismiss alleging that the stipulation was procured by fraud. There followed a barrage of pleading not necessary to detail but which ultimately resulted in an order referring the issues made by the answer to motion to dismiss to a jury for trial.

The court later revoked this order by transferring the cause to Division F where the issues made by the answer to the motion to dismiss were tried by the court without a jury resulting in a judgment of dismissal. Attorneys for Lenore Miller had moved that they be permitted to continue the prosecution of the cause in the name of the plaintiff for the purpose of recovering their fee. The order of dismissal denied this motion. The attorneys Ruff & Ready appealed. Appellant Lenore Miller having employed other counsel, they moved to be recognized as such and that they be permitted to take such steps as were necessary to perfect the appeal in her behalf. The court granted this motion.

We are therefore confronted with two appeals, to-wit: one by counsel for Lenore Miller in their behalf seeking to reverse the order refusing to permit them to continue the cause for the purpose of collecting their fee, and that by Lenore Miller in her own behalf seeking a reversal of the order of dismissal.

In the appeal of Lenore Miller, it is contended that the judgment below should be reversed because (1) the stipula-

tion for dismissal was not signed by the attorneys for the parties to the cause, (2) the plaintiff was deprived of her right of trial by jury on the issue made by the answer to the motion to dismiss, (3) the order in which the trial court permitted the evidence to be taken on said issues was prejudicial to her right.

The stipulation for dismissal was signed by the parties and the fact that it was not signed by counsel is not shown to have prejudiced any right of appellant. We have examined the evidence taken by the court on the issue of whether or not the stipulation to dismiss was obtained through fraud and the ruling of the trial court was correct on this. The answer to the motion presented an issue for the court to adjudicate but if it may be admitted that error was committed in refusing to submit it to a jury no harmful error is shown to have been committed. The order in which the evidence on the issues so made was submitted was a matter in the discretion of the court and is not shown to have been abused.

The salient question raised in both appeals is whether or not the trial court committed error in dismissing the cause and thereby refusing to permit Ruff and Ready to continue its prosecution in the name of the plaintiff for the purpose of recovering their fee.

A fair appraisal of the record on this point discloses that Lenore Miller employed Ruff and Ready to bring the action in question and that they filed their first amended declaration for that purpose in August, 1936. It was later amended but is shown to have experienced the pains of procedural gestation common to pleadings in suits of this kind until May, 1941, when the motion to dismiss bore an affirmative judgment. The record further discloses that Lenore Miller entered into contract with Ruff and Ready whereby she agreed to pay them a fee of fifty per cent of all sums recovered whether by suit or otherwise and made an assignment to them of such portion of the recovery. The parties to the cause got together secretly, being represented by other counsel and composed their differences on condition that defendant pay plaintiff the sum of $8500 which was done; hence the stipulation to dismiss the appeal.

Appellee contends that since the evidence shows that the stipulation to dismiss was predicated on a valuable consideration passing to the plaintiff and that there is no showing of fraud or conspiracy on the part of defendant to deprive counsel for the plaintiff of their fee, the trial court was correct in granting the motion to dismiss and in refusing counsel for the plaintiff the privilege of continuing the cause for the purpose of collecting their fee.

The adjudication of any controversy contemplates that the claims of all the parties have been considered and set at rest. To uphold appellee's contention would shut the door in the face of Ruff and Ready and leave their claim in limbo or compel them to resort to some other means to satisfy it. It would approve a system whereby a litigant could at will give his attorney the "run around" and escape freehanded with the fruits of the litigation. We are aware of no rule of professional conduct approving such procedure. Ruff and Ready had a very material right in the fruits of this litigation; the litigants and the counsel who represented them in the settlement (not the counsel who appear for them here) were on knowledge of this right and deliberately made themselves parties to a ruse to deprive them of it.

This Court is committed to the doctrine that when a litigant contracts with an attorney to litigate a cause and pay him a percentage of the recovery for his fee, he is entitled to a lien on the judgment therefor. Farnish Carter v. W. G. M. Davis, et al., 8 Fla. 183; Alyea v. Hampton, 112 Fla. 61, 150 So. 242; Scott v. Kirtley, 113 Fla. 637, 152 So. 721; Knabb v. Mabry, 137 Fla. 530, 188 So. 586. The Federal Courts have also approved this rule. Chancy v. Bauer, et al., 97 Fed. (2nd) 293.

The means by which such liens may be enforced has never been adjudicated in this State but other courts have held that it is their duty to protect attorneys against settlements designed to defraud or otherwise defeat the payment of their fees and it has been held that the same suit may be continued for that purpose. Jackson v. Stearns, 48 Ore. 25, 84 Pac. 798; Lowery v. Ill. Cent. R. Co., 195 Ala. 144, 69 So. 954; Randall v. Van Wagenen, et al., 115 N.Y. 527, 22 N.E. 361;

Porter v. Ajax Mining Co., 19 Utah 421, 57 Pac. 270; Carpenter v. Myers, et al., 90 Mich 209, 51 N.W. 206.

Some of these cases are not in point with the case at bar in some aspects but they support the general principle and are approved. We do not deny the right of litigants to settle controversies out of court but any such settlement without the knowledge of or notice to counsel and the payment of their fees is a fraud on them whether there was an intent to do so or not. It has been said that honor may exist among thieves. When honor and good faith cease to be the very bed rock on which the law practice is anchored, the right of litigants will then cease to be actuated by right and justice and will turn on the practice of tricks and feats of legerdemain.

We think the motion to continue the cause should have been granted so the judgment appealed from is to this extent reversed. It is affirmed in other respects. The pleadings may be reformed as to the parties and otherwise if need be.

Reversed in part. Affirmed in part.

BUFORD, C. J., BROWN, CHAPMAN and THOMAS, JJ., concur.