85 So.2d 623 (1955)
WARSHAW-SEATTLE, INC., a Florida Corporation, Petitioner,
v.
Patricia CLARK, Wavel S. Clark, and Malcolm Lewis Kneale, Respondent.
Supreme Court of Florida. Special Division B.
December 14, 1955.
Rehearing Denied February 22, 1956.
*624 Anderson & Nadeau, Miami, for petitioner.
Caldwell, Parker, Foster, Wigginton & Miller and Malcolm S.H. Kneale, Miami, for respondent.
O'CONNELL, Justice.
Warshaw-Seattle, Inc., the petitioner here and plaintiff below, on January 22, 1953 brought a common law action, in contract, in the Civil Court of Record, Dade County, Florida, against Patricia Clark and Wavel S. Clark, defendants below, to recover the sum of $233.33. Plaintiff also filed its attachment affidavit, its attachment bond in amount of $466.67, and Writ of Attachment was issued to the Sheriff who promptly seized an automobile owned by the defendant, Wavel S. Clark. Thereupon, Wavel S. Clark filed an affidavit claiming said automobile to be exempt under the constitution of this state and the automobile was released. Malcolm Lewis Kneale, attorney for Wavel S. Clark, the owner of the car, then filed a motion to dissolve attachment and traverse of the attachment affidavit. Plaintiff amended its complaint and answers were ultimately filed by the defendants.
The issue joined by defendants' traverse of plaintiff's attachment affidavit was tried before a jury, which on March 26, 1953, rendered a verdict that the "plaintiff did not have the right to attach the property of the defendants." Final judgment in accordance with the verdict was rendered and filed on April 8, 1953.
On June 23, 1953, plaintiff filed its Motion for Order of Dismissal, on the ground that "the cause has been amicably settled by the parties hereto." A hearing was had on said motion, at which counsel for the parties were present, after which hearing on July 15, 1953, the court entered an order denying the plaintiff's motion to dismiss the cause and giving the defendants' attorney until August 1, 1953, to file a claim for attorney's fees.
On July 27, 1953, Malcolm Lewis Kneale filed a Bill of Intervention in which he alleged that:
"* * * said Defendants, Patricia Clark and Wavel S. Clark, sought the service of your Intervenor, as their attorney, in regard to said attachment, and agreed to pay your Intervenor a reasonable attorney's fee for his service in attempting to dissolve said attachment, * * *"
Said Bill of Intervention further alleged that Intervenor was successful in securing dissolution of said attachment and that he rendered his skill, labor and time in so doing; that on about April 10, 1953, he made demand on plaintiff, through its counsel, for "a reasonable attorney's fee for services rendered in Dissolving Plaintiff's Attachment"; *625 that plaintiff was aware that Intervenor had not been paid for his services; that nevertheless on or about April 10, 1953, plaintiff, acting through its president, made a settlement with the defendants, whereunder the defendants released plaintiff from all liability for the wrongful attachment of defendants' automobile, defendants received Fifty ($50.00) Dollars in cash and gave plaintiff a promissory note for the full amount claimed by it in the suit, but made no provision for payment of Intervenor's fees; that he had no knowledge of and did not consent to said settlement. There was no allegation that the settlement was made with the intent to deprive the Intervenor of his fees.
On August 5, 1953, Malcolm Lewis Kneale, as Intervenor, filed a Motion for Summary Judgment with a supporting affidavit. On September 16, 1953, plaintiff filed a motion to dismiss all of the proceedings.
On November 5, 1953, the court entered an order in which it dismissed the plaintiff's claim against the defendants, and the defendants' claim against the plaintiff; denied the Motion to Dismiss the Bill for Intervention and authorized the Intervenor to intervene and prosecute his claim; and simultaneously, in the same order, granted Intervenor Kneale's Motion for Summary Judgment on the issue of liability, ordering that the case proceed for the sole purpose of determining the amount of Intervenor's damage. (Attorney's fees.)
Trial before jury on the question of amount of attorney's fee was held and the jury awarded the Intervenor Seven Hundred Fifteen ($715.00) Dollars.
Plaintiff moved for new trial, which was denied, and then appealed to the Circuit Court of Dade County, where the following order was entered on May 24, 1955:
"Carroll, J.
"This is an appeal from the judgment of the Civil Court of Record for certain attorney's fees in the amount of $715.00. The bond was $500.00. Without going into the facts, it can be stated as the conclusion of this court that there was no basis for the allowance of judgment beyond the $500.00 amount of the bond, and the judgment should be reduced to that figure.
"Accordingly, the cause is remanded for further proceedings in conformance with this opinion.
"It is so ordered."
Plaintiff filed its petition for certiorari and Malcolm Lewis Kneale filed a cross petition for certiorari, plaintiff also filed a motion to dismiss defendants' petition because not filed within thirty (30) days from filing of the order from which relief is sought. Said Motion to Dismiss is without merit. 30 F.S.A.Supreme Court Rules rule 22.
The briefs filed herein by the petitioner and cross petitioner raise fourteen questions. We feel it necessary to answer only one, to-wit:
Does an attorney, representing an attachment defendant in a successful dissolution of the Writ of Attachment have a right to intervene in the main action, which was in contract, and sue the plaintiff for his fees rendered in dissolving the writ, where the plaintiffs, without the knowledge and consent of the attorney, settle the main action with the defendants and secure a release from defendants of a possible claim for damages for the wrongful attachment.
"Persons who are not parties of record to a suit have no standing therein which will enable them to take part in or control the proceedings. If they have occasion to ask relief in relation to the matters involved, they must either contrive to obtain the status of parties in such suit or they must institute an independent suit." 39 Am.Jur., Parties, Sec. 55. "In our jurisprudence, the right of one to intervene in an action, suit, or proceeding between others is generally regarded as a purely statutory right, or a right of statutory origin, and as one which is to be exercised according to the statute authorizing it. * * * *626 It was unknown to common-law procedure." 39 Am.Jur., Parties, Sec. 56.
There was no statute or rule of court applicable to the case involved in this proceeding, and in the absence of such a statute or rule of court Florida follows the common law. It therefore follows that the intervention of Malcolm Lewis Kneale should not have been allowed.
There are other errors which would warrant issuance of the writ, but which need not be dealt with here in view of the conclusion reached above.
The petition for Writ of Certiorari is granted, and the cross petition denied. The order of the Circuit Court in the premise is accordingly vacated, and the cause remanded for the entry of an order directing the disposition of the proceeding in the Civil Court of Record in conformance with this opinion.
It is so ordered.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.

On Petition for Rehearing
O'CONNELL, Justice.
The respondent and cross-petitioner, Malcolm Lewis Kneale, complains that in rendering its opinion filed here on December 14, 1955, this Court overlooked the prior decisions of this Court in Mabry v. Knabb, 151 Fla. 432, 10 So.2d 330, and Miller v. Scobie, 152 Fla. 328, 11 So.2d 892.
We have carefully reviewed the record and the briefs filed in this case, and the published opinions and original records in the two cases above cited.
While this Court did not overlook either of the cases above cited, a comparison of the facts in those cases to the facts of the instant case will indicate that the principals of law followed in those cases do not apply under the facts in this case.
In the case of Mabry v. Knabb, supra, the attorneys represented Duner, as Trustee, the lessor of certain lands, in defense of an action to foreclose tax certificates brought by the lessee, Knabb. In the answer filed by Mabry, Reaves, Carlton & White and William H. Frecker, Attorneys, on behalf of the lessor, affirmative relief, i.e. an accounting and adjudication of rentals due to lessor by lessee, was sought. Under the terms of the lease between the parties, the lessee-plaintiff Knabb was obligated to pay a reasonable attorney's fee and all costs of any proceedings necessary to be brought to collect from lessee any sums due thereunder. A full and complete settlement was made by Knabb and the lessor, client of Mabry, et al., during the time of taking of testimony in the court below. Knabb moved to vacate the order of reference on the ground that the cause had been settled between the parties. The court refused to grant this motion on grounds not pertinent here. In the proceedings Mabry, Reaves, Carlton & White and William H. Frecker moved the court for permission to continue the action for accounting between Knabb and the lessor "for the purpose of paying and to the extent necessary to pay the fees due them severally by the trustee (lessor) for legal services performed in this suit * * *".
A motion was made to strike the motion of Mabry, et al., above referred to, but neither motion appears to have been disposed of. The court below, however, in its final decree denied an allowance of attorney's fees. One of the findings, on which the lower court based its denial of attorney's fees, was that the settlement between Knabb and Duner, as Trustee, the lessor, was not fraudulently made as to the attorneys. The lower court also held that the settlement between Knabb and Duner left Knabb's claim for taxes standing unimpaired and that therefore Knabb was not found to have owed any monies under the lease such as to require payment of fees. It does not appear that Mabry, et al., intervened in the cause, but they did prosecute the appeal in their own names and raised and argued questions which indicate that they were parties to the appeal and were accepted as such.
*627 This Court found that Knabb owed $29,073.67 under the lease, allowed the attorneys to recover their fees from Knabb, holding in effect that Knabb could not, by settling the case with lessor, escape his obligation to pay fees which he had contracted to pay under the lease provisions.
In the case of Miller v. Scobie, supra, the attorneys Ruff and Ready, had undertaken to represent the plaintiff in a breach of promise suit. The attorneys were, by contract, to receive 50% of all sums recovered. A settlement was made between the parties without the knowledge or consent of Ruff and Ready. This Court said, in its opinion allowing Ruff and Ready to prosecute the cause in the name of the plaintiff to recover their fee:
"Ruff and Ready had a very material right in the fruits of this litigation;" [152 Fla. 328, 11 So.2d 894].
In comparing the two cases above cited with the case before us it is to be noted that: (1) In Mabry v. Knabb, supra, intervention does not appear to have been allowed by formal order, however, the result was the same as if intervention were allowed, but intervention is allowed in equity. In Miller v. Scobie, supra, the attorneys were not allowed to intervene, but were allowed to continue a pending suit in the name of their client.
(2) In those cases the attorneys were representing their clients in seeking affirmative relief, not merely defending. The purpose of the litigation in each case was to create a fund or res to which their charging liens could attach and in which the attorneys would share.
(3) In the Mabry v. Knabb case Knabb was obligated by the lease to pay attorney's fees.
Whereas in the case before us, which was at law, the attorney Kneale sought to intervene in his own name. Further, he only performed services which were defensive. He did the following:
(1) Traversed the attachment affidavit and dissolved the writ of attachment, which action had the effect of terminating the attachment proceedings leaving pending only the main suit brought in contract, by Warshaw-Seattle, Inc. against the defendants Clarks, represented by Kneale.
(2) Filed an answer in the main suit. No affirmative relief was sought and none could have been obtained by the defendants in the cause below, under the pleadings as they stood at the time of settlement.
While it is true that Kneale, by the successful dissolution of the writ of attachment, may have created a possible cause of action in wrongful attachment, either on the attachment bond or separate therefrom in tort, no suit was filed therefor. While we do not hold that defendants Clarks could have filed a counterclaim for wrongful attachment in the main action brought by Warshaw-Seattle, Inc., the matter not being before us to decide, the record reveals they did not do so. The only results which could have been achieved by litigating the suit which the parties settled was a judgment that defendants did or did not owe the plaintiff the sums claimed by it. There was in fact no suit then pending which Kneale could have continued in the name of his clients which could have resulted in a judgment to which his attorneys charging lien could have attached.
Having again carefully studied the record, the briefs and the cases cited therein, it is our opinion that the petition for rehearing should be and it is denied.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.