385 So.2d 1141 (1980)
Joan Adkins FICKLE, Appellant,
v.
Milton ADKINS, Appellee.
Joan P. FICKLE, f/k/a Joan P. Adkins in Her Own Behalf and On Behalf of Sls & H, Appellants,
v.
Milton R. ADKINS, Appellee.
Nos. 79-2168, 79-2196.
District Court of Appeal of Florida, Third District.
July 7, 1980.
Lane Mitchell & Harris, Miami, for appellant in case no. 79-2168.
Sinclair, Louis, Siegel & Heath, Miami, for appellants in case no. 79-2196.
Sibley, Giblin, Levenson & Glaser, Miami Beach, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.

*1142 ON MOTION FOR DETERMINATION OF STATUS OF APPEALS
DANIEL S. PEARSON, Judge.
The appellant in Case No. 79-2168, Joan Adkins Fickle, has moved for a determination of the status of the above appeals. The proceedings below originated with a petition brought by Milton R. Adkins for the change of custody of children and modification of the alimony provisions of an earlier final judgment of divorce. At the outset, Mrs. Fickle was represented by the law firm of Sinclair, Louis, Siegel & Heath (hereafter SLS & H). After nearly a year and a half of this post-decretal litigation, Mrs. Fickle discharged SLS & H and obtained other counsel. The trial court recognized the substitution of counsel and ordered a charging lien in favor of SLS & H for fees and costs that may be owing to them, reserving jurisdiction to later determine what fees and costs were due.
The proceedings below continued. Ultimately, as part of an Order Disposing of All Pending Matters, the trial court ordered each of the parties to bear his own costs and attorneys' fees, making no determination of the amount, if any, due to SLS & H.
Mrs. Fickle, represented by her new counsel, filed an appeal. SLS & H separately filed an appeal in their own name and in the name of Mrs. Fickle (Case No. 79-2196).
In the appeal brought by Mrs. Fickle, she raises, inter alia, the issue that Adkins should have been required to pay fees. While the appeal brought by SLS & H makes this same contention, the firm also contends that it was deprived of notice and hearing on its attorney-fee claims. There is sufficient dissimilarity in the issues, as raised, to make them separate and distinct.
Mrs. Fickle, in her motion to determine the status of appeals, says that SLS & H had no authority to file an appeal on her behalf, and since the firm is not a party to the proceedings, it has no standing to appeal on its own behalf. Significantly, she states that she would have no objection to the firm moving to appear as amicus curiae.
It is our view that under these circumstances the appeal taken by SLS & H in their own name should not be dismissed. We are cognizant of the oft-stated proposition that the right to attorneys' fees is derivative in nature and that attorneys have no standing independent of their client to prosecute an appeal. E.g., Hope v. Lipkin, 156 So.2d 659 (Fla.3d DCA 1963). However, a closer analysis of this proposition convinces us that it is inapplicable to a case in which (a) the attorneys who seek to appeal have been discharged and replaced; (b) as part of the substitution of counsel, the attorneys were given a charging lien to be later enforced; (c) an appeal seeking similar relief has been filed by the client; (d) the appeal of the client sufficiently differs from the attorneys' separate appeal so as to leave doubt that the issue raised by the attorneys will be fully briefed and argued; and (e) the client objects to the attorneys' technical standing to appeal, but expresses a willingness that her former attorneys be heard in a capacity different than formal appellant.
In Smith v. Smith, 90 Fla. 824, 107 So. 257 (1925), the court held that a provision of a decree which ordered payment of fees to the wife's attorneys to be made directly to the attorneys must be set aside. "The authorities are practically unanimous in holding that, while the wife's attorney is the real party interested in obtaining the allowance of attorneys' fees, yet he is not a party to the suit, and the order should be that the amount must be paid to the wife, or to the clerk of the court, for the use of the attorney." 90 Fla. at 830, 107 So. at 259. This statement in Smith is the underpinning for this court's holding in Hope v. Lipkin, supra, that attorneys cannot prosecute an appeal in their own name. However, in 1945, in apparent recognition that the fiction of ordering payment of attorneys' fees in a divorce action to other than the real party in interest need no longer be indulged, the legislature provided that "such allowances be paid to the attorneys or other persons for whose ultimate benefit such allowances are made." Ch. 22676, Laws of Fla. (1945).
*1143 Not only does Hope spring from this non-eternal holding in Smith, but Hope, unlike the present case, factually involved an appeal by attorneys whose client did not appeal. While the facts are not set forth in Hope, it does appear that the client-wife was joined with the non-client-husband as an appellee by the fee-seeking attorneys. See also Wolf v. Horton, 322 So.2d 71 (Fla.3d DCA 1975). Here, since the wife is appealing the adverse ruling of the trial court and the actions sought to be taken by her former attorneys are not antagonistic to her, Hope is no barrier to the claim of SLS & H.
It is, however, the distinct and separate interest of the attorneys, not mere consistency, which must be the basis for allowing the attorneys to prosecute their own appeal. That distinct and separate interest exists here even as it existed in Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943). There, Miller employed the law firm of Ruff & Ready to bring a breach of promise action against Scobie. She agreed to pay her attorneys fifty per cent of her recovery. During the course of the litigation, she made a private settlement with Scobie and executed a stipulation to dismiss her action. She discharged Ruff & Ready and then, having second thoughts, she attempted to get out of her secret settlement. Based on the executed stipulation of settlement, her action was dismissed by the trial court.
Ruff & Ready moved the trial court to permit it to keep open the lawsuit in Miller's name for the purpose of recovering their fee. Upon the trial court's refusal, Ruff & Ready appealed. At the same time, Miller, now with new counsel, appealed from the dismissal. Holding that Ruff & Ready's motion to continue the lower court action should have been granted, the court said:
"This Court is committed to the doctrine that when a litigant contracts with an attorney to litigate a cause and pay him a percentage of the recovery for his fee, he is entitled to a lien on the judgment therefor... . The Federal Courts have also approved this rule.
.....
"The means by which such liens may be enforced has never been adjudicated in this state but other courts have held that it is their duty to protect attorneys against settlements designed to defraud or otherwise defeat the payment of their fees and it has been held that the same suit may be continued for that purpose...." Miller v. Scobie, 152 Fla. at 331, 11 So.2d at 894 (citations omitted).
See also Baldwin v. Baldwin, 154 Fla. 624, 18 So.2d 681 (1944); Hadlock v. Hadlock, 137 So.2d 873 (Fla.2d DCA 1962).
While it might be argued that the unique factual setting of Miller v. Scobie limits its application, the principle that attorneys have a right to protect their distinct and separate interests emerges. That right has since been codified by Section 61.16, Florida Statutes (1979):
"The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."[1] (emphasis supplied).
We need not today decide the reach of Section 61.16 and whether its effect is to permit separate appeals by attorneys who have been denied adequate fees in domestic relations matters. We only decide, as the court decided, sub silentio, in Miller v. Scobie, that under the described circumstances of the present case, the attorneys may prosecute their separate appeal.
*1144 The motion to consolidate the appeals is granted.
NOTES
[1] The emphasized language was added in 1971. Prior to the amendment, this court held, in a different context, that the language authorizing the payment of fees directly to attorneys did not authorize an attorney to enforce this award by an appeal in his own name. Simkins v. Simkins, 249 So.2d 444 (Fla.3d DCA 1971).