PER CURIAM.
With respect to the wife’s former attorneys Sinclair, Louis, Siegel & Heath, we affirm the orders appealed from upon a holding that: (a) the settlement agreement herein was entered into in good faith by the respective parties herein with no intent to defraud the said attorneys of their fees, thereby making the rule stated in Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943) inapplicable; see e. g., Sentco, Inc. v. McCulloh, 84 So.2d 498 (Fla.1955); and (b) *348 no valid charging lien was perfected in this cause by said attorneys as the motion for same filed below was nothing more than an effort to attack the parties’ settlement as a fraud upon the attorneys under Miller v. Scobie, supra; see e. g., Herold v. Hunt, 327 So.2d 240, 241 (Fla. 4th DCA 1976).
With respect to the wife’s former attorneys Stabinski, Funt, Levine & Vega, the order dismissing the instant action with prejudice and denying said attorneys’ motion to enforce their charging lien is reversed and the cause is remanded to the trial court with directions to grant said motion upon a holding that said attorneys, in our view properly perfected a charging lien upon the settlement proceeds in this cause through the notice of lien for attorneys’ fees and costs and the motion to enforce attorneys’ fee and lien filed herein. See e. g., Cruz v. Brown, 338 So.2d 245 (Fla. 3d DCA 1976).
Affirmed in part; reversed in part.