428 So.2d 1383 (1983)
SINCLAIR, LOUIS, SIEGEL, HEATH, NUSSBAUM & ZAVERTNIK, P.A., Petitioner,
v.
Phillip E. BAUCOM, et al., Respondents.
No. 60763.
Supreme Court of Florida.
March 17, 1983.
Paul A. Louis, Bayard E. Heath and John L. Zavertnik of Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A., Miami, for Petitioner.
*1384 Cromwell A. Anderson and Douglas C. Broeker of Smathers & Thompson, Miami, for Phillip E. Baucom.
Counsel for Ruby Baucom was granted leave to withdraw.
EHRLICH, Judge.
This cause is before the Court on petition for discretionary review from a final order of the Third District Court of Appeal. Baucom v. Baucom, 397 So.2d 347 (Fla.App. 3d DCA 1981). That opinion affirmed the trial court's denial of enforcement of a charging lien and denial of permission to pursue the litigation to secure attorneys' fees. Because this decision directly and expressly conflicts with decisions of this Court in Greenfield Villages, Inc. v. Thompson, 44 So.2d 679 (Fla. 1950), In re Warner's Estate, 160 Fla. 460, 35 So.2d 296 (1948), and Renno v. Sigmon, 148 Fla. 229, 4 So.2d 11 (1941), we have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
Petitioner represented Ruby Baucom in divorce proceedings and in a protracted property dispute against Phillip Baucom. After several years of negotiations and court battles, Ruby and Phillip met privately, without presence or advice of counsel, and agreed upon a settlement which they signed and had notarized. Phillip's attorneys redrafted the agreement to eliminate certain unfavorable tax consequences but did not materially change the terms of the Baucoms' contract. Petitioner was first apprised of these developments and introduced to the terms of the settlement in a meeting in the offices of Phillip's attorneys at which the Baucoms signed the redrafted agreement.
Petitioner, believing the terms of the settlement to be misleading and far more unfavorable to Ruby than she realized, advised against signing. Despite this advice, Ruby signed and has remained steadfast in her acceptance of the terms of the settlement.
In subsequent court hearings, petitioner protested the secret nature of the settlement negotiations and the provision in the settlement which required Ruby to bear the costs of her own professional expenses, including attorneys' fees, incident to the protracted dispute between Ruby and Phillip. Petitioner orally, and later in a properly filed motion, gave notice of its intent to enforce a charging lien to secure payment of its fees and requested permission to pursue the litigation against Phillip for the purpose of making him responsible for payment of attorneys' fees.
The trial court denied the request to continue the suit and granted Phillip's motion to dismiss the suit with prejudice, refusing to involve the court in any evaluation of the terms of the settlement. In addition, the court denied motions by petitioner and other counsel also retained by Ruby to enforce charging liens without prejudice to their rights to bring an independent action for enforcement of the liens.
Petitioner appealed these rulings. The district court of appeal reversed the denial of enforcement of the charging lien asserted by Ruby's other counsel, but affirmed the ruling as to petitioner. The court found petitioner's combined requests to continue the litigation and to enforce the charging lien to be an attempt to attack the settlement as a fraud; therefore, the court reasoned, the charging lien was not properly perfected and could not be enforced.
We disagree with the lower court insofar as petitioner is denied enforcement of his charging lien.
The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It serves to protect the rights of the attorney. Worley v. Phillips, 264 So.2d 42 (Fla. 2d DCA 1972). Charging liens have been recognized in Florida for more than a century. See, e.g., Carter v. Davis, 8 Fla. 183 (1858); Carter v. Bennett, 6 Fla. 214 (1855); Randall v. Archer, 5 Fla. 438 (1854). The requirements for perfection of this lien are not statutorily imposed. Nichols v. Kroelinger, 46 So.2d 722 (Fla. 1950); St. Ana v. Wheeler Mattison Drugs, Inc., 129 So.2d 184 (Fla. 3d DCA), cert. denied, 133 So.2d 646 (Fla. 1961). Rather, the requirements *1385 have developed in case law which has delineated the equitable nature of the lien. See Greenfield Villages.
In order for a charging lien to be imposed, there must first be a contract between the attorney and the client. Billingham v. Thiele, 107 So.2d 238 (Fla. 2d DCA 1958), cert. dismissed, 109 So.2d 763 (Fla. 1959). The contract may be express, Alyea v. Hampton, 112 Fla. 61, 150 So. 242 (1933), or implied, Greenfield Villages; Scott v. Kirtley, 113 Fla. 637, 152 So. 721 (1933). The record before this Court bears witness that an express contract existed between petitioner and Ruby Baucom. Both made explicit references to that contract in hearings before the trial judge.
There must also be an understanding, express or implied, between the parties that the payment is either dependent upon recovery or that payment will come from the recovery. Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943); Conroy v. Conroy, 392 So.2d 934 (Fla. 2d DCA 1980), petition denied, 399 So.2d 1141 (Fla. 1981). The nature of the litigation involved and the relief sought in the suit between Ruby and Phillip evidence a reasonable understanding that payment would either take the form of an award for attorneys' fees against Phillip or be paid from Ruby's award. It was Ruby's inability to reap the benefit of the divorce settlement dividing all the couple's property which led to the ongoing litigation.
Finally, the remedy is available where there has been an attempt to avoid the payment of fees, Worley v. Phillips, or a dispute as to the amount involved. Renno v. Sigmon; Kurzweil v. Simon, 204 So.2d 254 (Fla. 3d DCA 1967). Again, the record before us shows a dispute as to the amount of the attorneys' fees. Ruby claims she is liable only for $6500 under the agreement; petitioner asserts the total bill to be $150,000.
There are no requirements for perfecting a charging lien beyond timely notice. Ruby does not dispute this; rather, she argues the notice was not timely filed because petitioner did not file until after the hearing on Phillip's motion to dismiss. We find no merit in this contention. The issue was before the trial court until the entry of the order granting the motion to dismiss on November 19, 1979. Petitioner first mentioned the possibility of obtaining a lien at the first hearing on the motion to dismiss on October 18, 1979. The hearing was continued until October 25. In the interim, on October 23, petitioner filed a Motion for Enforcement of a Charging Lien. Therefore, we find the charging lien was timely filed and properly perfected.
The policy underlying the granting and enforcement of charging liens was clearly expressed early in their development in this state:
While our courts hold the members of the bar to strict accountability and fidelity to their clients, they should afford them protection and every facility in securing them their remuneration for their services. An attorney has a right to be remunerated out of the results of his industry, and his lien on these fruits is founded in equity and justice.
Carter, 6 Fla. at 258 (emphasis in original). The intervening years have not diminished the attorney's duty of loyalty and confidentiality to his client. For this reason, proceedings at law between attorney and client for collection of fees have long been disfavored. The equitable enforcement of charging liens in the proceeding in which they arise best serves to protect the attorney's right to payment for services rendered while protecting the confidential nature of the attorney-client relationship. In re Warner's Estate.
Petitioner urges that the trial court erred in denying it the right to pursue the litigation for the purpose of obtaining attorneys' fees, citing Miller v. Scobie as authority for this action. There, however, the settlement included no provision for payment to the attorneys. Additionally, in Miller the client was also attempting to rescind the settlement agreement on grounds that it had been induced by fraud. Where, as here, the client firmly abides by the terms *1386 of the settlement which make her liable for attorneys' fees we must defer to this Court's strong policy of encouraging settlement between parties to avoid the "vexation and expense of further litigation." Harper v. Strong, 135 Fla. 10, 15, 184 So. 848, 850 (1938).
We are convinced that in its desire to continue the litigation petitioner wishes only to preserve for its client the greatest possible benefits of the settlement. Nonetheless, it is axiomatic in the attorney-client relationship that an attorney cannot protect his client beyond the client's willingness to be protected.
Accordingly, the decision of the District Court of Appeal for the Third District is quashed insofar as it denied enforcement of petitioner's charging lien and this case is remanded for further proceedings in accordance with this ruling.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.