DELL, Judge.
Appellant seeks reversal of a final judgment foreclosing an attorney’s charging lien and ordering sale of the property encumbered by these liens. We affirm on the authority of Sinclair, Louis, Siegel, Heath, Nussbaum and Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983), Forman v. Kennedy, 22 So.2d 890 (Fla.1945) and Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943).
Bruno Di Giulian represented appellee, Richard Wishoff, in the dissolution of his marriage to appellant, Barbara Wishoff. The husband executed two stipulations with Bruno Di Giulian for orders granting charging liens for his attorney’s fees in the combined amount of $32,516. The trial court entered orders approving both liens. After approving the first lien the trial court bifurcated the dissolution proceedings and entered a partial final judgment that dissolved the marriage and reserved jurisdiction to determine support and property rights. On September 24, 1985, Di Giulian withdrew from the husband’s representation. The next day appellant and her former husband executed a property settlement agreement wherein the husband agreed to quit-claim his interest in all jointly-held property to appellant for a consideration of $25,000. He also agreed to indemnify appellant for any fees sought from her by Di Giulian. Di Giulian moved to assess attorney’s fees, enforce the charging liens, and set aside the order approving the settlement. After hearing the motions, the trial court entered a final judgment foreclosing the liens. The judgment provided that should appellant fail to pay the sum of $32,516 plus interest to Di Giulian, the former husband’s undivided one-half interest in the properties that he 'quit-claimed pursuant to the settlement agreement would be sold by the court to satisfy the liens. The properties were sold at judicial sale.
Appellant contends that the language of the stipulations for the charging liens limited the liens to property recovered by the husband in the dissolution proceedings. Appellant further claims that the partial final judgment failed to grant any recovery to the husband. Di Giulian responds that his efforts in obtaining the partial final judgment of dissolution resulted in the husband’s recovery of an undivided one-half interest in the realty formerly owned by the husband and appellant as tenants by the entireties. He further claims that his charging liens attached to the property when the husband became a tenant in common, and that appellant took title to the property with full knowledge of the prior liens.
The record supports Di Giulian’s argument that he met the requirements of Sinclair, Louis, Siegel, Heath, Nussbaum and Zavertnik, P.A. v. Baucom in perfecting his charging liens. In Baucom the supreme court stated:
In order for a charging lien to be imposed, there must first be a contract between the attorney and the client. ... The contract may be express....
There must also be an understanding, express or implied, between the parties that the payment is either dependent upon recovery or that payment will come from the recovery....
Finally, the remedy is available where there has been an attempt to avoid the payment of fees....
428 So.2d at 1385.
Di Giulian met the first requirement of Baucom when he and his client entered into the stipulations for the orders approving the charging liens. The stipulations established the exact amount of the fee and provided that payment would come from any property recovered by the husband. It is obvious from the record that Di Giulian provided substantial legal services in the *1353 dissolution proceeding and that the partial final judgment did establish the husband’s undivided one-half interest in the property formerly owned by the husband and appellant as tenants by the entireties. The record also contains evidence that appellant and her former husband executed the property settlement agreement in an attempt to avoid the payment of Di Giulian’s fees. Miller v. Scobie, 152 Fla. 328, 11 So.2d 892, 894 (1943). In our view, Di Giulian met the requirements of Baucom in perfecting his lien on the property as a charging lien.[1]
Finally, we find no merit in appellant’s contention that we should remand this case to the trial court for a determination of the amount of the fees in accordance with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The amount of the fee was agreed to by the former husband. The court did not determine the amount of the fee under Chapter 61, but rather determined the validity of the contract and the liens providing for payment of a liquidated amount of fees. See Stabinski, Funt and De Oliveira, P.A. v. Law Offices of Frank H. Alvarez, 490 So.2d 159 (Fla. 3d DCA 1986).
Accordingly the final judgment of foreclosure is affirmed in all respects.
AFFIRMED.
STONE, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.

. We note also that the record demonstrates a basis for imposition of an equitable lien. See Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (Fla.1925); Folsom v. Farmer’s Bank of Vero Beach, 102 Fla. 899, 136 So. 524 (Fla.1931).