KLEIN, Judge.
The appellant law firm, after being discharged by Mr. Zipnick in his dissolution proceeding, filed a notice of charging lien in the amount of $28,000 for attorney’s fees, having already been paid $16,000 by Mr.' Zipnick. The law firm appeals the trial court’s approval of the Zipnieks’ settlement of the equitable distribution of their property, which left no assets with Mr. Zipnick on which the firm could enforce its lien. We affirm.
Approximately five months after the law firm withdrew, the Zipnieks filed a stipulation to distribute their assets and a joint *1283 motion for the court to approve the distribution. Their assets consisted of $43,000 netted from the sale of the marital home, Mr. Zipnick’s 401-K plan worth $29,000, of which $21,000 was marital property, and a viatical insurance policy which would pay $5,000 at an uncertain date in the future. Because Mr. Zipnick had already spent $31,000 of marital funds without authorization, he agreed that Mrs. Zipnick should receive all of the funds netted from the sale of the marital home as well as the $5,000 insurance policy. Since that would still result in Mrs. Zipnick receiving $4,000 less than Mr. Zipnick, he was willing to pay her $2,000 within the next year, and $7,200 towards her attorney’s fees.
The trial court approved this equitable distribution over the objection of Mr. Zip-nick’s former law firm, which argued that this would prevent their lien from being effective since it. could not be enforced against Mr. Zipnick’s 401-K plan, and that the firm was being defrauded.[1]
The law firm relies on Miller v. Scobie, 152 Fla. 328, 11 So.2d 892, 894 (1943), for the proposition that “settlement without the knowledge of or notice to counsel and the payment of their fees is a fraud on them whether there was an intent to do so or not.” In that case, the trial court had denied the attorneys’ motion that they be permitted to continue the prosecution of the cause in the name of the plaintiff for the purpose of recovering their fee. The supreme court reversed, explaining that the
adjudication of any controversy contemplates that the claims of all the parties have been considered and set at rest. To uphold appellee’s contention would shut the door in the face of Ruff and Ready and leave their claim in limbo or compel them to resort to some other means to satisfy it.
This case bears no resemblance to Miller. In the present case, the counsel re-tairied by Mr. Zipnick to replace the law firm seeking the lien explained, at the hearing to approve the settlement agreed to by the parties, that he had attempted to negotiate the fee with the former' law firm but that the firm was not interested. After the parties agreed on the settlement, the former firm was notified that there would be a hearing before the court to approve the settlement, and the former firm was present and advocated the position it is taking here at the hearing. The trial court approved the settlement and entered a judgment in favor of the former law firm against Mr. Zipnick. There was, accordingly, no evidence of the type of fraud which existed in Miller.
We conclude that the court did not abuse its discretion in approving this stipulated equitable distribution. On the contrary it would have been an abuse of discretion if the trial court had disapproved this settlement in order to accommodate the law firm. Affirmed.
DELL and GROSS, JJ., concur.

. Although it is not necessarily pertinent to the issue before us, we understand the trial' judge’s dismay at the amount of attorney’s fees which had been run up in a case involving the amount of assets involved in this case, where the husband, a police officer, had lost his job.