CASANUEVA, Judge.
 

 This appeal arises from a proceeding ancillary to the dissolution action of the marriage between William R. Riveiro and Kirsten L. Riveiro. Mrs. Riveiro appeals the trial court’s order finding that the two law firms she hired, appellees J. Cheney Mason, P.A., and Rose M. Marsh, P.A. (hereinafter Mr. Mason and Ms. Marsh), were entitled to a charging lien of $76,357.61 plus prejudgment interest. The trial court ordered that the charging lien attach to Mrs. Riveiro’s interest on any and all real and personal property she owned relating to assets obtained or subject to the dissolution proceeding, whether she held the asset individually or jointly with any other person. We affirm in part and reverse in part.
 

 Facts
 

 In November 2008 Mrs. Riveiro executed a contract to retain the services of Mr. Cheney and Ms. Marsh in the dissolution of marriage action that Mr. Riveiro instituted. The agreed hourly rate was $400 for each attorney. The contract contained language that her counsel would aggressively pursue every aspect of seeking reimbursement or payment of her fees from Mr. Riveiro, if circumstances allowed. In addition to the $30,000 nonrefundable retainer, Mrs. Riveiro subsequently paid her two counsel substantial amounts for services rendered. In June 2009 Mr. Mason and Ms. Marsh filed a notice of a claim of attorneys’ charging lien, seeking a lien in the amount of $36,750.87 for fees owing and unpaid to that date, plus interest. The attorneys’ fees continued to mount, and in early September 2009, Mrs. Riveiro met with her husband — without either Mr. Mason or Ms. Marsh being present — and they reached a settlement agreement. In addition to deciding the amount of alimony that Mr. Riveiro would pay, the couple decided which portions of the marital real estate and personal property each would receive. The agreement also contained a provision that Mrs. Riveiro would not seek attorneys’ fees from Mr. Riveiro. A few days later, the trial court entered the final judgment of dissolution, incorporated the couple’s settlement agreement that equitably divided their real estate and personal property, and reserved jurisdiction to adjudicate Mr. Mason’s and Ms. Marsh’s claims of charging lien. After an eviden-tiary hearing in May 2010, the trial court found in favor of Mr. Mason and Ms. Marsh and ordered that a charging lien of the principal amount of $76,357.61 attach to 'the assets Mrs. Riveiro received in the final judgment of dissolution. As of May 31, 2010, the total amount including interest was $80,851.65. The trial court ordered that the principal amount continue to accrue interest at the statutory rate until paid. It is from this order that Mrs. Riveiro appeals.
 

 Analysis
 

 The law of charging liens has differing applications to real and personal property, both of which are at issue here. Our supreme court observed over a half century ago “that when a litigant contracts with an attorney to litigate a cause and pay him a percentage of the recovery for
 
 *1096
 
 his fee, he is entitled to a lien on the judgment therefor.”
 
 Miller v. Scobie,
 
 152 Fla. 328, 11 So.2d 892, 894 (1943). In
 
 Miller,
 
 the plaintiffyappellant had employed a firm to bring an action against a defendant for breach of promise, agreeing to pay the firm fifty percent of all sums recovered. The plaintiff met secretly with the defendant and settled their differences out of court, with the defendant agreeing to pay the plaintiff over $8000. In holding that the firm could prosecute the case further to obtain remuneration under their contract for fees, the supreme court noted:
 

 We do not deny the right of litigants to settle controversies out of court but any such settlement without the knowledge of or notice to counsel and the payment of their fees is a fraud on them whether there was an intent to do so or not. It has been said that honor may exist among thieves. When honor and good faith cease to be the very bed rock on which the law practice is anchored, the right of litigants will then cease to be actuated by right and justice and will turn on the practice of tricks and feats of legerdemain.
 

 Id.
 

 In the context of an action for dissolution of marriage, our supreme court reaffirmed this commitment in
 
 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,
 
 428 So.2d 1383 (Fla.1983). There, the petitioner, the Sinclair, Louis law firm, expressly contracted with Ruby Baucom to represent her in a dissolution proceeding against Phillip Baucom. After several years of dispute, the Baucoms met privately, without attorneys, and agreed to a settlement that included a provision that Mrs. Baucom be responsible for her own professional expenses, including attorneys’ fees, incident to their several disputes. Later, the law firm advised Mrs. Baucom not to sign the settlement agreement but sign it she did. Despite her counsel’s advice that the settlement agreement was more disadvantageous to her than she realized, Mrs. Baucom insisted on abiding by its terms. The law firm then orally and in writing gave notice of its intent to enforce a charging lien to secure payment of its fees and to continue litigation against Mr. Baucom for payment of those fees.
 
 Id.
 
 at 1384. The trial court denied the law firm’s claim to enforce its charging lien and the Third District affirmed.
 
 Baucom v. Baucom,
 
 397 So.2d 347 (Fla. 3d DCA 1981). Ultimately, the supreme court disagreed and quashed the Third District’s opinion insofar as it denied enforcement of the charging lien against Mrs. Baucom. 428 So.2d at 1386.
 

 The supreme court reiterated that a “charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It serves to protect the rights of the attorney.”
 
 Id.
 
 at 1384 (citing
 
 Worley v. Phillips,
 
 264 So.2d 42 (Fla. 2d DCA 1972)). But there is no statutory guide to how to perfect a charging lien.
 
 Id.
 
 “Rather, the requirements have developed in case law which has delineated the equitable nature of the lien.”
 
 Id.
 
 at 1384-85. The court then proceeded to identify the requirements for a charging lien. First, there must be a contract between the attorney and the client, either express or implied.
 
 Id.
 
 at 1385. Second, “[tjhere must also be an understanding, express or implied, between the parties that the payment is either dependent upon recovery or that payment will come from the recovery.”
 
 Id.
 
 In Mrs. Baucom’s case, the “nature of the litigation involved and the relief sought in the suit between [Mrs. Baucom] and [her husband] evidence[d] a reasonable understanding that payment would either take the form of an award for attorneys’ fees
 
 *1097
 
 against [Mr. Baucom] or be paid from [Mrs. Baucom’s] award.”
 
 Id.
 
 “Finally, the remedy is available where there has been an attempt to avoid the payment of fees” or where there is “a dispute as to the amount involved.”
 
 Id.
 

 Unfortunately, neither the Third District’s opinion nor the supreme court’s opinion in
 
 Baucom
 
 describes what assets Mrs. Baucom received in the dissolution action from which she could pay the law firm’s fees. However, given the context of a marriage dissolution action, where the client receives property in equitable distribution, there is a reasonable understanding that such property will be the source of funds to pay the client’s attorney’s fees insomuch as it was the attorney’s efforts that secured that property. See
 
 Worley,
 
 264 So.2d at 43 (“The creation of a charging lien upon the proceeds of any recovery by the client in an equity action is an acceptable method of providing security for the payment of the attorney’s fee.”). But, as will be seen below, there is a distinction as to which property a charging hen can attach.
 

 We turn next to the distinction crafted between a charging lien on real property as compared to one on personal property. This court, in
 
 Lochner v. Monaco, Cardillo & Keith, P.A.,
 
 551 So.2d 581 (Fla. 2d DCA 1989), identified the distinction thusly:
 

 This court has previously held that a charging lien in a divorce proceeding can be established against personal property without pleading or proving an agreement between the attorney and the client on that subject.
 
 Conroy v. Conroy,
 
 392 So.2d 934 (Fla. 2d DCA 1980),
 
 rev. den.,
 
 399 So.2d 1141 (Fla.1981). In
 
 Conroy,
 
 however, we expressly declined to extend this rule to real property.
 
 Id.
 
 at 937. Just as we found “little to commend” such a rule then, we find little to commend it now. The [T]hird [District has suggested that an attorney would be “well advised to provide for a lien on such property in the fee agreement with his client.”
 
 Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517
 
 So.2d 88, 91 n. 5 (Fla. 3d DCA 1987),
 
 rev. den.,
 
 525 So.2d 879 (Fla.1988). Such an express agreement avoids any confusion upon the part of the client, and eliminates an unnecessary source of conflict. Thus, we also find merit in this suggestion.
 

 Id.
 
 at 583. The client in
 
 Lochner
 
 was awarded real property in the dissolution action against which the trial court imposed a charging lien. This court reversed the imposition of the charging lien on this real property because the attorney’s motion for a charging lien did not allege any agreement that his fee would be protected by a charging lien against any real estate involved in the divorce and neither did the record support such agreement.
 
 Id.
 

 Applying
 
 Lochner
 
 and
 
 Conroy
 
 to the facts of Mrs. Riveiro’s case, we find the record does not disclose any agreement that Mr. Mason’s and Ms. Marsh’s fees would be secured by any real estate Mrs. Riveiro might be awarded in the dissolution action. Accordingly, we hold the trial court erred in imposing a charging lien against any and all real property owned by Mrs. Riveiro, individually or jointly, subject to the dissolution action. On remand, the charging lien on the real property she was awarded in the dissolution judgment must be dissolved.
 

 But, also in accordance with
 
 Lo-chner
 
 and
 
 Conroy,
 
 this is not the case with the personal property Mrs. Riveiro received in the dissolution judgment. All the requirements for imposing a charging lien on personal property are present here. Mrs. Riveiro had a written contractual agreement regarding the payment of attorneys’ fees with Mr. Mason and Ms. Marsh.
 
 *1098
 
 Thus, the trial court could properly conclude that an implied understanding existed that payment would come from her portion of the equitable distribution of personal property. And, fulfilling the last requirement to merit a charging lien, Mrs. Riveiro did attempt to avoid the payment of fees and did dispute the amount due. We conclude that the trial court did not err in awarding a charging lien against Mrs. Riveiro’s personal property.
 
 See Baucom,
 
 428 So.2d at 1385.
 

 Concluding that a charging lien was properly imposed on Mrs. Riveiro’s personal property, we turn next to Mrs. Riveiro’s final contention, i.e., that the trial court erred in awarding the amount it did, over $76,000 in unpaid fees. The trial court’s order only determined a total amount due to Mr. Mason and Ms. Marsh. It made no finding as to the reasonable hourly rate or the amount of hours reasonably expended in this case. This was error. It deprived Mrs. Riveiro of meaningful appellate review, hampering the task of this court.
 
 See Santiago v. Santiago,
 
 51 So.3d 637, 639 (Fla. 2d DCA 2011) (“The lack of findings ... precludes meaningful appellate review.”). Upon remand, the trial court shall make the necessary
 
 Rowe
 

 [1]
 
 findings.
 
 See Dralus v. Dralus,
 
 627 So.2d 505, 509 (Fla.2d DCA 1993).
 

 In light of testimony offered on behalf of Mrs. Riveiro on this issue, revealing that the time records kept, particularly by Ms. Marsh, were lacking detail, it is necessary for the trial court on remand to examine the challenged billing entries. If the trial court should find that the challenged entries and any testimony offered in support of those entries are lacking in sufficient detail to establish either reasonableness or necessity, no award should be made.
 
 See Highlands Carpentry Serv., Inc. v. Con-none,
 
 873 So.2d 611 (Fla. 2d DCA 2004). It is not necessary for the trial court to undertake another hearing. Because there is a record, the trial court needs only a clear recollection of the hearing proceedings. However, should the trial court deem it necessary to do so, a new, full evidentiary hearing may be in order.
 

 We affirm that part of the final order imposing a charging lien on the personal property that Mrs. Riveiro received in the dissolution judgment, reverse and vacate that part of the final order related to a charging lien on her real property, reverse and vacate the amount of fees awarded, and remand with instructions to provide a final order with proper findings as to the amount of fees to which Mr. Mason and Ms. Marsh are entitled.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and LaROSE, JJ., Concur.
 

 [1]
 

 .
 
 Fla. Patient’s Comp. Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985).