CASANUEVA, Judge.
Anthony Felice appeals an order imposing a charging lien in favor of his attorney, Marsha Sutherland Pullen, for attorney’s fees incurred in connection with his dissolution of marriage proceedings. We reverse the order insofar as it grants a charging lien on the homestead property of Mr. Felice and affirm the order in all other respects.
In its order, the trial court awarded a lien in the amount of $88,567.60 in favor of the law firm, Sutherland Pullen Law, on all property awarded to Mr. Felice in the dissolution action, including his homestead property.[1] This was held to be improper in Chames v. DeMayo, 972 So.2d 850 (Fla.2007). In Chames, the former husband’s attorney obtained a charging lien against him for work she had performed in his postdissolution action and the trial court applied the lien to the former husband’s homestead property. Id. at 852. The attorney argued that the lien was proper because the retainer agreement signed by the former husband provided as follows: “the client hereby knowingly, voluntarily and intelligently waives his rights to assert his homestead exemption in the event a charging lien is obtained to secure the balance of attorney’s fees and costs.” Id.[2]
The Florida Supreme Court rejected the attorney’s argument and held that “a waiver of the homestead exemption in an' unsecured agreement is unenforceable.” Id. at 853. Therefore, it was improper for the trial court to grant the attorney’s charging lien on the former husband’s homestead property. Id.; see also Sass v. Sass, 988 So.2d 1135, 1137 (Fla. 4th DCA 2008) (holding that trial court erred in entering a final judgment on a charging lien allowing execution against the marital home); cf. Riveiro v. J. Cheney Mason, P.A., 82 So.3d 1094, 1097 (Fla. 2d DCA 2012) (concluding that, where there was no clause in retainer agreement providing that attorney could seek a charging lien against client, trial *561 court erred in imposing a charging lien on any real property awarded to client in the dissolution judgment).
Accordingly, we reverse the order granting Sutherland’s motion for a charging lien insofar as it grants a charging lien on the homestead property of Mr. Felice.
Affirmed in part; reversed in part.
LaROSE and SLEET, JJ., Concur.

. The order states that the charging lien will be against “property determined by the Court in the dissolution of marriage case, as Former Husband's property or retained by Former Husband.” In the final judgment of dissolution, the trial court found that Mr. Felice’s home was a nonmarital asset pursuant to a prenuptial agreement. This property was the only real property awarded to Mr. Felice in the dissolution proceeding.

. In the present case, the retainer agreement did not include a clause providing for a waiver of the homestead exemption. It simply provided that the attorney "will have a charging lien against any sums received by you in the case in the amount of the unpaid legal fees.”