FASTRACK APPEAL
LETTS, Judge.
An attorney successfully sued a client for an unpaid fee for services rendered in a dissolution proceeding, and as part of the final judgment was granted not only a money judgment, but also a charging lien on her real estate. We reverse.
We have virtually no record in this case other than the written fee agreement between the attorney and client. That document required a non-refundable retainer and payment at an hourly rate. There was no express understanding in the fee agreement that the payment was either dependent upon recovery in the dissolution or would arise from it. Moreover, we have no record from which we can deduce that any such understanding was implied. As a consequence, the imposition of a charging lien, based on the record before this court, was directly contrary to our supreme court’s holding in Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So.2d 1383 (Fla.1983).
Accordingly, we reverse in part and direct the trial court to amend the final judgment by removing all reference to the imposition of a charging or equitable lien. In all other respects, the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
DELL, J., and FRANK, RICHARD H., Associate Judge, concur.