In re **FLORIDA ALLSTATE TRUCKING, INC., Debtor.**

**Traci K. STRICKLAND, Trustee, Plaintiff,**

v.

**PADGETT WARES, P.A., Defendant.**

**Bankruptcy No. 95–2343–8P7. Adv. No. 96–979.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 31, 1997.

Paul R. Corbett, Palm Harbor, FL, for Plaintiff.

S. Thomas Padgett, Tampa, FL, for Defendant.

Traci Strickland, St. Petersburg, FL, Trustee.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by Padgett Wares, P.A. (PW). The Motion is filed in this adversary proceeding commenced by Traci Strickland, the Trustee for Florida All-

state Trucking, Inc. (Trustee) against PW. The facts relevant to the resolution of this controversy as they appear from the record are undisputed and are as follows.

In March of 1993, Florida Allstate Trucking, Inc. (Debtor) and PW entered into a written fee agreement, signed and executed by Claude Donaway as president of the Debtor, whereby PW agreed to represent the Debtor in litigations in the Circuit Court of Hillsborough County. (Motion, Exhibit A.) These litigations included four separate lawsuits which were as follows:

1. *Florida Allstate Trucking, Inc. v. Lumberman's Mutual Insurance Company*

2. *Florida Allstate Trucking, Inc. v. Royal Knight Distributors*

3. *Florida Allstate Trucking, Inc. v. United Parcel Service*

4. *O'Connor v. Florida Allstate Trucking, Inc.*

On January 18, 1995, PW, the Debtor, and the Debtor's president, Claude Donaway, entered into an additional Agreement (separate from the written fee agreement) which was signed and executed by Claude Donaway as president of the Debtor. (Motion, Exhibit B.) The terms of this Agreement granted PW a lien on all monies recovered in seven identified lawsuits, listed in Exhibit A of the Agreement, as well as a lien in all monies recovered in "any other matter or lawsuit." The four previously identified lawsuits were also included in the seven lawsuits. This Agreement granted PW up to seventy percent (70%) of the proceeds recovered from these lawsuits.

On March 15, 1995, the Debtor filed a Voluntary Petition for Relief under Chapter 11. The Chapter 11 was subsequently converted to a Chapter 7 on January 10, 1996, and Traci Strickland, the Trustee, was placed in charge of the administration of the Estate of the Debtor. After the Debtor filed its Petition, the Debtor informed PW that it intended to hire a different attorney to represent the Debtor in the then pending lawsuits. On March 24, 1995, PW filed a secured Proof of Claim claiming a charging lien on the proceeds recovered from any of the four lawsuits identified earlier and also on the proceeds in the other lawsuits filed on behalf of or against the Debtor prior to the commencement of this Bankruptcy Case (Motion, Exhibit C). On January 15, 1996, after the Chapter 11 was converted to a Chapter 7 case, PW filed, with this Court, Notices of Liens in all of the seven lawsuits.

In the course of the administration of the Estate, the Trustee commenced negotiations with counsel of the opposing parties involved in the above-mentioned four lawsuits in order to settle the claims of the Estate without litigation. On May 8, 1996, the Trustee filed a Motion and sought authority to compromise and settle the four lawsuits. The Motion was scheduled in due course, with notice to all parties of interest, for hearing. On June 26, 1996, this Court, having considered the Motion and an Objection to the proposed compromise filed by PW, entered an Order and approved the compromise with the proviso that the Trustee would hold the proceeds of the compromise in escrow pending a determination of the charging lien claim asserted by PW.

It is the contention of PW that there are no genuine issues of material facts and that PW is entitled to judgment as a matter of law declaring that PW has a valid charging lien on the proceeds of the four lawsuits procured in the compromise affirmed by this Court. PW contends that under applicable State law it has a valid enforceable charging lien which is superior to any of the rights the Trustee has to the proceeds obtained from the compromise.

In opposition to PW's Motion, the Trustee, while she concedes that there are no disputed facts, contends that PW has no valid enforceable charging lien on the proceeds of the settlement of the four lawsuits approved by this Court.

This Court is in agreement that there are no disputed facts. Thus, the controversy under consideration can be properly resolved, as a matter of law, by the application of the controlling legal principles governing attorneys' charging liens and their enforceability in bankruptcy.

■ Under the applicable principles annunciated by the courts of this State, there are four elements for the imposition of a charging lien. These four elements are:

(1) an expressed or implied contract between the attorney and client;

(2) an express or implied understanding for payment of attorney's fees out of the recovery;

(3) either avoidance of payment or a dispute as to the amount of fees; and

(4) timely notice.

*Daniel Mones, P.A. v. Smith,* 486 So.2d 559, 561 (Fla.1986); *Sinclair, Louis, Siegel, Heath, Nussbaum, & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383, 1385 (Fla.1983).

■ Furthermore, in order to provide timely notice of a charging lien, the attorney must either file a notice of lien or otherwise assert the lien in the original action. *Daniel Mones, P.A., supra.* In Florida, the preferred method of enforcing an attorney's charging lien is a summary proceeding in the original action. *Id.* In addition, the attorney is also obligated to notify his client in some way before the close of the lawsuits and indicate to the client that he intends to assert the charging lien.

■ In the present instance, there is no dispute that the president of the Debtor entered into the second Agreement dated January 18, 1995, on behalf of the Debtor which granted a charging lien to PW. Thus, obviously the Debtor required no additional notice that PW was claiming a charging lien.

However, in order to perfect a charging lien under the applicable principles of law in this State, PW must have filed Notices of Liens in the court with original jurisdiction or asserted the lien in the original action. It is without dispute that PW filed its Notices of Lien in this Court on January 15, 1996 which was after the imposition of the automatic stay on March 15, 1995, when the Debtor filed a Voluntary Petition under Chapter 11. Therefore, PW's filing of Notices of Liens was in violation of the automatic stay under 11 U.S.C. § 362(a)(5) of the Bankruptcy Code which prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case...." As a result, PW did not meet all of the requirements to impose a valid charging lien because the charging lien was not perfected through timely notice.

In view of the foregoing, this Court is satisfied that there are no genuine issues of material facts and PW is not entitled to judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion For Summary Judgment be, and the same is hereby, denied.