LaROSE, Judge.
JLA Investment Corporation (JLA) appeals trial court orders (1) directing Colony Insurance Company (Colony) to wire settlement funds to the trust account of JLA’s former counsel, Haas, Dutton, Blackburn, Lewis & Longley, P.L. (Haas); (2) granting Haas’s motion to impose a lien on the settlement funds; and (3) denying JLA’s motion to reconsider the granting of Colony’s motion to enforce a settlement agreement. We affirm.
The underlying litigation stems from an insurance coverage dispute between Colony and JLA. When JLA made a property damage claim under a policy issued by Colony, Colony denied the claim. JLA hired Haas and sued Colony.
At the inception of the attorney-client relationship, JLA and Haas executed a fee and representation agreement. Paragraph 6 of that agreement provided as follows: “To the extent of any fees and costs due to the FIRM ... CLIENT hereby assigns to the FIRM any and all funds and property due to the client or received by the client as a result of this representation. The CLIENT also specifically authorizes and empowers the FIRM to receive any said funds and property and to pay to itself all said fees and costs owed the FIRM from said funds and property before it releases the balance to the CLIENT.” Perhaps setting the stage for things to come, JLA’s representative struck through this paragraph. For reasons not disclosed in the record, Haas agreed to delete paragraph 6 — in retrospect, a seemingly unwise decision.
Eventually, JLA and Colony settled them dispute at mediation. Colony would pay JLA $250,000 by bank or cashier’s check delivered to Haas by a date certain. JLA would sign a release and dismiss its lawsuit. Colony timely delivered a check drawn on its corporate account at Wacho-via Bank in Tampa. After consulting with counsel, JLA objected to the payment, claiming that Colony’s check was not the form of payment contemplated by the settlement agreement. JLA renounced the settlement agreement and demanded $300,000 to settle its claim against Colony.
Colony filed a motion to enforce the settlement agreement. The trial court granted the motion and directed Colony to wire the settlement funds to Haas’s trust account. Later, JLA fired Haas. Haas then moved to withdraw as counsel and, having not been paid for its work, for entry of an order imposing a lien on the *251 settlement funds sitting in its trust account. The trial court granted these motions. It denied JLA’s motion for rehearing.
JLA argues that the trial court erroneously imposed a charging lien on the settlement funds held by Haas. But Haas did not specifically request nor did the trial court specifically impose a charging lien. Nevertheless, despite the absence of correct nomenclature, the record demonstrates that the trial court quite properly imposed a retaining lien on the settlement funds.
The imposition of a charging lien requires (1) a contract between the attorney and the client, (2) an understanding, express or implied, between the attorney and the client that payment is either dependent upon recovery or that payment will come from the recovery, and (3) an attempt to avoid the payment of fees, or a dispute as to the amount involved. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, PA. v. Baucom, 428 So.2d 1383, 1385 (Fla.1983). Having agreed to delete paragraph 6 from the fee and representation agreement, Haas failed to satisfy the second prong of the Sinclair test.
In contrast, an attorney has a right to a retaining lien on all of the client’s property held by the attorney, including money collected for the client. The retaining lien covers the balance due for all legal work done for the client. Mones v. Smith, 486 So.2d 559, 561 (Fla.1986). Thus, Haas was entitled to a retaining lien on the settlement funds held in its trust account.
JLA also contends that the trial court erred in ruling that Colony properly transmitted the settlement funds to Haas by bank check. JLA claims that the settlement agreement contemplated payment by an “immediately cashable” instrument. This argument is unavailing. “Bank check” generally means nothing more than “check,” i.e., a check drawn on a bank. 5A Fla. Jur. 2d Banks and Lending Institutions § 233. The settlement agreement between JLA and Colony provided for payment by either “bank check” or “cashier’s check.” JLA did not bargain for a more restrictive meaning for the term “bank check.”
Finally, JLA argues that the trial court erred in directing Colony to remit the settlement funds to Haas rather than to JLA directly. The settlement agreement required Colony to forward the funds to Haas. The trial court merely enforced the provisions of the settlement agreement between Colony and JLA.
Affirmed.
FULMER, C.J., and NORTHCUTT, J., Concur.